IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF GROUP GENERAL ENTERPRISES CO.W.L.L. | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-82C |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and on that basis denies them.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Defendant admits only that Major Cockerham signed for receipt of Gulf Group's claim on December 15, 2005; the remainder of the allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits to the extent the allegations contained in paragraph 5 are supported by the cited contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits to the extent the allegations contained in paragraph 6 are supported by the cited contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Denies.

9. Defendant admits that a summary is attached to the complaint, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis denies them.

10. Denies.

11. The allegations contained in paragraph 11 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits the first and second sentences of paragraph 13 to the extent the allegations are supported by the cited email, which is the best evidence of its contents; otherwise denies the allegations in the first and second sentences of paragraph 13. Denies the third sentence of paragraph 13. Admits the fourth sentence of paragraph 13 to the extent the allegations are supported by the cited email and the referenced document, which is the best evidence of their contents; otherwise denies the allegations in the fourth sentence of paragraph 13.

14. Defendant admits only that Major Cockerham signed for receipt of Gulf Group's claim on December 15, 2005; the remainder of the allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Denies that plaintiff is entitled to the relief set forth in the prayer for relief.

16. Denies each and every allegation not previously admitted or otherwise qualified or any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 307-0315
(202) 514-8624 (fax)

July 6, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

s/ Robert C. Bigler