IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF GROUP GENERAL ENTERPRISES CO. W.L.L., | ) | |
| Plaintiff, | ) | No. 07-82C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO SUSPEND PROCEEDINGS

Defendant, the United States, respectfully requests that the Court suspend further proceedings in this matter pending the resolution of an investigation by the Department of Justice Public Integrity Section ("DOJ") into allegations that vendors of bottled water, such as plaintiff Gulf Group General Enterprises Co. W.L.L. ("Gulf Group"), paid bribes to contracting officers for the U.S. Army. Defendant's counsel discussed this motion with plaintiff's counsel and plaintiff's counsel stated that plaintiff opposes this motion. In support of this motion, defendant relies upon the following memorandum, the declaration of Larry Scott Moreland, a special agent employed by the Army Criminal Investigations Command ("CID"), and the attached appendix. Def. App. 1-2.[1]

DEFENDANT'S MEMORANDUM

I. Statement Of Facts

This lawsuit, filed February 1, 2007, involves a contract dispute arising under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613, between Gulf Group and the U.S. Army.

[1] "Def. App. __" refers to the page numbers of the referenced document contained in defendant's appendix which is attached to this motion to stay proceedings.

The complaint in this action concerns Fixed Price Service Contract No. W912D1-04-A-0052 (the "contract"), awarded by the U.S. Army to Gulf Group on or about September 28, 2004. Complaint, ¶ 5, Exhibit A. The contract required Gulf Group to supply and deliver United States Central Command ("CENTCOM") approved bottled water to base camps in Iraq. Id. The contract was signed by the contracting officer, Gloria D. Davis. Complaint, Exhibit A. Another contracting officer, Major John Cockerham, ordered numerous shipments of bottled water under the contract. Complaint, Exhibits D, E. In addition, on April 5, 2005, Major Cockerham sent an email to Gulf Group apparently offering to raise the price of the bottled water to 2.578 Kuwaiti dinar ("KWD"). In the email, Major Cockerham alleged that the increase in price was to cover future demurrage charges and damages to trucks caused during deliveries to Iraq. Complaint, Exhibit C. According to previous requests, also known as calls, issued by Major Cockerham under the contract, this email raised the price from 2.4 KWD to 2.578 KWD. Complaint, Exhibits C, D. Gulf Group sent a letter to Major Cockerham on April 6, 2005 accepting the increased price. Complaint, Exhibit F.

Gulf Group alleges in its complaint that the trucks carrying bottled water into Iraq were required to travel in Army convoys. Complaint, ¶ 8. Gulf Group also alleges that some of the Army convoys were delayed which caused Gulf Group to incur additional demurrage charges for the use of delivery trucks. Complaint, ¶ 8.

Major Cockerham was arrested on July 22, 2007. Def. App. 1, ¶ 2. On August 22, 2007, Major Cockerham was indicted for accepting bribes from Government contractors. Def. App. 3-18. The indictment contains six counts including: conspiracy, three counts of bribery, money laundering conspiracy, and conspiracy to obstruct justice. Id. The indictment also includes a

criminal forfeiture claim. Id.

In connection with Major Cockerham's arrest on bribery and conspiracy charges, DOJ is investigating all Government contracts in which Major Cockerham acted as the contracting officer. Def. App. 2, ¶ 5. As a result, DOJ is investigating Gulf Group because Major Cockerham acted as the contracting officer for the contract at issue in this case and he also raised the contracting price allegedly to cover future claims from Gulf Group. Def. App. 2, ¶ 5; Complaint, Exhibit C.

## II. This Lawsuit Should Be Stayed Pending The Outcome Of The Continuing Criminal Investigation Into Allegations That Vendors Of Bottled Water Paid Bribes To Contracting Officers For The U.S. Army

Federal courts have recognized the wisdom of staying a civil action pending a criminal investigation and possible prosecution in order to avoid the conflicts inherent in concurrent proceedings. Luigi Goldstein, Inc. v United States, 217 Ct. Cl. 733, cert. denied, 439 U.S. 1002 (1978); Litton Systems, Inc. v. United States, 215 Ct. Cl. 1056 (1978); Peden v. United States, 206 Ct. Ct. 329, 512 F.2d 1099 (1975).

In Peden, the Court of Claims articulated the sound policy against proceeding with civil actions when parallel criminal investigations are taking place, stating:

> We believe it has long been the practice to "freeze" civil proceedings when a criminal prosecution involving the same facts is warming up or under way . . . .
>
> [This practice] . . . rises out of a sense that deferrable civil proceedings constitute improper interference with the criminal proceedings if they churn over the same evidentiary material.

Peden v. United States, 206 Ct. Cl. at 338, 512 F.2d at 1103.

In Litton, where the contractor was seeking payment under a contract that had been under

investigation for fraud, the Court of Claims noted:

> It seems clear that in the resolution of this suit the court will have to determine whether [the contractor's] claim was false or fraudulent and that this determination will require a great deal of overlap of witnesses and other evidence with the criminal prosecution. . . .

Litton v. United States, 215 Ct. Cl. at 1057-58. The Court of Claims stayed the civil action, pending a determination of whether a criminal prosecution could be undertaken. Id. Similarly, in Luigi Goldstein, the Court of Claims held that a stay would be appropriate, stating that it “is reluctant to require the Government to proceed in civil litigation when related criminal procedures are still in progress.” 217 Ct. Cl. at 734.

In deciding whether to suspend civil proceedings because of a pending criminal investigation, courts consider three factors. First, whether there is a “clear showing, by direct or indirect proof that the issues in the civil action are ‘related’ as well as ‘substantially similar’ to the issues in the criminal investigation.” Ampetrol, Inc. v. United States, 30 Fed.Cl. 320 (1994) (citing St. Paul Fire & Marine Ins. Co. v. United States, 24 Cl.Ct. 513, 515 (1991)). Second, the moving party must “make a clear showing of hardship or inequity if required to go forward with the civil case while the criminal investigation is pending.” Id. “Third, the movant must establish ‘that the duration of the requested stay is not immoderate or unreasonable.’” Id.

Here, all three of these factors demonstrate that the Court should stay this action. First, Major Cockerham, the contracting officer for the contract at issue, has been indicted on numerous charges including accepting bribes from contractors supplying bottled water to Iraq. Def. App. 1, ¶¶ 2-3. As a result, the Government is investigating whether Government contractors who dealt with Major Cockerham paid bribes to him. Def. App. 2, ¶ 5. In addition,

the contracting officer apparently agreed to raise the price of bottled water paid to Gulf Group for no legitimate reason given that the Government is not liable for demurrage charges under the contract. See Complaint, Exhibit A, p. 7 (incorporating by reference FAR 52.247-34). Gulf Group claims in its civil action, based at least in part upon the e-mail from Major Cockerham, that it is entitled to additional payment for demurrage charges incurred when delivering bottled water to Iraq. Complaint ¶ 13, Exhibit C. As a result, Gulf Group's civil action is closely related to the ongoing criminal investigation and involves substantially similar issues.

Second, a stay is necessary to prevent hardship upon the Government. If the plaintiff is allowed to conduct civil discovery, plaintiff may be able to use the broader discovery available in the civil case to aid it in its defense of the criminal case. Moreover, the Government needs to wait until the investigation is completed to determine the extent of any possible counterclaims against Gulf Group.

Third, the Government is not asking for an unreasonable stay but only a six month stay which will allow the Court to reevaluate the situation in six months depending on the progress of the criminal case. This request is reasonable because the Government currently expects to decide whether to file a formal criminal case against Gulf Group by the end of the year. Def. App. 2, ¶ 6. Accordingly, we respectfully request that the Court stay this civil action for six months pending the resolution of the pending criminal investigation and decision upon possible prosecution in order to avoid the conflicts inherent in concurrent and parallel civil and criminal proceedings.

CONCLUSION

For the foregoing reasons, defendant requests that this Court suspend further proceedings in this case for six months pending the conclusion of the criminal investigation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0315
Robert.Bigler@usdoj.gov

Attorneys for Defendant

September 13, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September 2007, a copy of the foregoing "DEFENDANT'S MOTION TO SUSPEND PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert C. Bigler