MILLER & WILLIAMSON LLC
3150 ENERGY CENTRE
1100 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70163
TELEPHONE: (504) 525-9800
TELEFAX: (504) 525-9820

ILIAURA HANDS

DIRECT DIAL: (504) 525-8400
E-MAIL: ILI@MILLER-LLC.COM

August 2, 2007

*Via Telefax (202) 514-8624*

Robert C. Bigler
Commercial Litigation Branch Civil Division
Department of Justice 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

EXHIBIT
tabbles
5

Re: *Gulf Group General Enterprises Co. v. The United States - Case No. 07-082*
Our File: 26-419

Dear Mr. Bigler:

This will respond to your letter of today indicating among other things that you are not agreeable to traveling to Kuwait for depositions in this case. Your reliance on the general rule that the plaintiff is required to appear for deposition in the forum of his choice is misplaced because the rule is not applied absolutely and inflexibly to every situation, and specially not here where my client had no choice of forum. The case law supports our position. See, Kovalsky v. Avis Rent-A-Car, Inc.,48 F.R.D. 453, 454 ( D.P.R.1969) (Plaintiff, who lived in New Jersey, had no choice of forum in filing suit other than in Puerto Rico, and it was unreasonable to require her to travel there for her deposition.); Abdullah v. Sheridan Square Press, Inc., 154 F.R.D. 591, 593 (S.D.N.Y.1994)(deposition of the Plaintiff ordered to be taken in London where plaintiff had no choice of forum because the defendants were located in the United States); Connell v. City of New York, 230 F.Supp. 2d. 432, 437 (S.D.N.Y. 2002) (plaintiff had no choice but to bring suit in the Southern District of New York as his claims involve the New York City Police Department). See also, 8 Wright & Miller § 2112 at 409 "And if plaintiff had no choice of forum to begin with, there seems very little reason to give weight to his selection of the forum as against facts indicating that another place for taking the deposition would be more just." As you know, Gulf Group's choice of forum was Kuwait where it submitted the initial claim and settlement --both of which were ignored by the Government, and the only reason we are in this forum now is because under the Contract Dispute Act, and in particular 41 U.S.C. 609, Gulf Group's appeal of the denial of its claim was to be filed in the Court of Federal Claims located in Washington, DC. Therefore, it is not by choice that Gulf Group has filed suit in DC.

Please let there be no doubts that I am trying to cooperate with you in taking the depositions you solicit. I am making Mr. Altawash and Mr. Tadayon available for deposition in Washington DC on Monday August 13, 2007 and/or August 20, but you are on vacation on both days. Is there anyone

else that can take the deposition for you? When we filed the joint status report you listed other attorneys, (1) assistant AG, Mr. Peter D. Keisler; (2) the director of your office, Jeanne E. Davidson; and (3) Todd M Hughes, assistant director. Can any of them take the depositions? I am not sure what roll they play in the case but I am just trying to figure out a way to do the depositions when the witnesses are in the USA. You have to understand that not all of Gulf Group employees are going to be available at your beg and call, and that traveling from Kuwait is not something that all of them do all the time. Aside from being a long and inconvenient trip, it is expensive.

I did tell you and Judge Horn that my client comes to the United States frequently. I was referring to Mr. Saud Altawash, the General Manager of Gulf Group, and consistent with that representation I have offered to make him available in the United States in August during one of his business trips to DC. However, after August he is not scheduled to come to the United States again until December, after the discovery deadline had passed.

Further, with respect to Mr. Tadayon, so that there are no misunderstandings, I never mentioned his name when we spoke with Judge Horn as I do not intend to list him as one of our witnesses for trial. He is currently residing in Kuwait, so if you want to depose him you will have to either take his deposition when he is available in the United States (August 13 or August 20), or travel to Kuwait. You will have to agree that even if the "place of deposition rule" applies to Gulf Group, I have no obligation to bring a witness who I do not intend to call at trial. Ellis Air Lines v. Bellanca Aircraft Corp. 17 F.R.D. 395, 396 (D.Del.1955) If you want his testimony you will have to make the necessary arrangements to get it. Finally, with respect to Mr. Pulikkal, I already told you that he is no longer with the company so I have no control over him. Again, if you want his testimony you will have to make the necessary arrangemnets to go to Kuwait where he is residing. Also, depending on the testimony that we get from the Government witnesses I may not need to bring him to testify at trial, but obviously I cannot make that call at this time and I have to wait until the end of discovery. In any event, this can all be resolved if we cooperate with each other. Since you are the one who is interested in taking their deposition, and you are the one who is not available, I think you need to figure out a way to resolve this problem and not just demand that I present the witnesses here at your convenience. I believe a reasonable solution is for you and I to travel to Kuwait with a court reporter whose travel expenses I agree to split.

Finally, my client is aware that suing the Government involves spending money, some of which they may or may not recover as costs if they prevail, but they are not about to spend money unnecessarily bringing witnesses to testify in the United States who they do not need or intend to call as witness at trial. One other solution will be for you to stipulate that you will cover the costs of bringing the witnesses to the United States for the depositions, of course assuming they are available (this is specially so with respect to Mr. Pulikkal over whom Gulf Group's has no control.) Please let me know what you prefer to do.

With respect to Major Cokerham's deposition, have you talked to his attorney yet? Why do you say that proceeding with his deposition while he is in jail will be a waste of resources? Has he already said that he is not going to cooperate in this matter? The questions we have for him in this case have nothing to do with the charges being brought against him and for which he is being prosecuted. In any event, if there is a chance our questions have something to do with that prosecution, you and I both know that at the deposition he will be represented by separate counsel who can instruct him not to answer a question that may incriminate him or somehow affect his constitutional rights. Finally, I propose an alternative to taking his deposition for the purpose of this case only, and that is depending on whether you are willing to stipulate to the authenticity of the documents and emails issued by him? I think we can probably do without his testimony if the Government can stipulate to that, but I will have to study the file in more detail before I agree not to pursue his deposition at all, and it all depends on the results of the deposition of the other government witnesses. Please feel free to call me to discuss this further. Otherwise, I look forward to your prompt response.

Very truly yours,

MILLER & WILLIAMSON, LLC

Iliaura Hands, Esq.

IH:sg

cc: Maj. Patrick Gary