UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GULF GROUP GENERAL ENTERPRISES CO. W.L.L.<br><br>Plaintiff,<br><br>VERSUS<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant, | No. 07-82C<br>(Judge Horn) |

EXHIBIT
7

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**NOW COME** plaintiff, Gulf Group General Enterprises Co. W.L.L. (hereinafter "Gulf Group"), and pursuant to Rule 33 of the Rules of the United States Court of Federal Claims ("RCFC") request that the defendant, the United States Government (hereinafter "the Government") provide an answer under oath to the following first set of Interrogatories within thirty (30) days after service at the offices of Miller & Williamson LLC., 3150 Energy Centre, 1100 Poydras Street, New Orleans, Louisiana 70163:

## INSTRUCTIONS

(a) When responding, furnish all information in the possession of your officers, employees, representatives, investigators, or other parties acting on your behalf, not merely information within the custody of the party responding to this discovery pleading. If you cannot respond in full after exercising due diligence to secure the information requested, so state and describe in full the efforts made to secure such information, persons to whom inquiries were directed, and answer to the extent possible.

(b) If you object to or fail to answer any of the discovery requests, state the grounds

therefor and the authority upon which you rely.

(c) If you assert any claim of privilege, state the basis and authority for the claim of privilege. If your claim of privilege extends to a document, identify the document by type, date, author, recipient, and general subject matter.

(d) When responding, furnish all information available at the time, and, as further information becomes available, supplement your responses as required by the Rule 26(e) of the Rules of the United States Court of Federal Claims (RCFC).

(e) If your answer is to refer to a particular document in your possession, in addition to providing the document, indicate in your answer the precise portion of that document which corresponds to or provides an answer to the Interrogatory, and to the extent possible, include that part of the document in your answer.

## DEFINITIONS

"You" or "your" means The United States Government acting through the Department of the Army, U.S. Army Contracting Command SWA-Kuwait (ARCENT) and all representatives, offices, contracting officers, agents, employees or other parties acting its behalf.

"Document" means any written, recorded, photographic or graphic matter, however, produced or reproduced, including copies of any such matter. This includes copies of documents if a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation and modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is separate document and must be produced. If any requested document was but is no longer in your possession, custody or control, or if any such document was in existence but is no longer in existence, state what disposition was made or it, when such disposition took place, and the identity of the person(s) who ordered or authorized such disposition.

"Identify" or "identity" or "describe" when used with respect to an individual means to state his full name, present or last known business and residential address,

telephone number, and last known business affiliation and position, capacity or job title at the time mentioned.

"Identify" or "identity" or "describe" when used with reference to a document means to state the type of document (e.g., letter, memorandum, telegram, catalog, report, statement, etc.), its date, author(s), its present location and identify the custodian of the original and each copy. It any such document was, but is no longer in your possession, custody or control, or if such document was in existence but is no longer in existence, state precisely what disposition was made of it, when such disposition took place, and the identity of the person(s) who ordered or authorized such disposition. Where an interrogatory seeks identification of documents which are within your possession, custody or control, it shall be a sufficient answer to such interrogatory for you to produce all of said documents which are requested to be identified. Documents produced pursuant to any interrogatory shall be labeled to indicate with specificity the interrogatory to which they respond, including the subpart if appropriate.

"Identify" or "identity" or "describe" when used in reference to any entity other than an individual means to state the entity's name, address, and telephone number.

"Identify" or "identity" or "describe" when used in reference to any act or occurrence means the event or events constituting such act or occurrence, the location, date and time it transpired, and any persons participating or present.

"Identify" or "identity" or "describe" when used in reference to any discussion, conversation, communication, interview or statement means in addition to the matters listed in the definition in the preceding paragraph, the substance of the discussion.

“Contract” means the Fixed Price Service Contract No. W912D1-04-A-0052 for the procurement and supply of CENTCOM approved bottled water to base camps for the Operation Iraq Freedom (OIF) entered into between the Government through the Department of the Army, U.S. Army Contracting Command SWA-Kuwait (ARCENT) and Gulf Group on November 1, 2004.

**INTERROGATORY NO. 1:**

Identify each person providing assistance to answer these First Set of Interrogatories, the First Set of Requests for Production of Documents and the First Set of Requests for Admissions served contemporaneously with these interrogatories, specifying which particular interrogatory, request for production and which request for admission each such person assisted with.

**INTERROGATORY NO. 2:**

Identify any and all person who you believe has information regarding this litigation, and for each such person provide a brief description of the information you anticipate he/she has about this matter.

**INTERROGATORY NO. 3:**

Identify any and all persons, Government employees, investigators, officers, contracting officer, and any Government representatives who interviewed, discussed, had a conversation with or obtained the statement of any person believed to have information regarding Gulf Group's claim for demurrage or of the requirements for delivery of bottle water to camps in Iraq, and for each such persons, Government employees, investigators, officers and Government representatives, please indicate (a) the date and place of the interview; (b) the person who was interviewed; (c) whether the interview was recorded by any mechanical means;(d) whether a report, transcript or summary of the interview or written statement was made subsequent thereto, and (e) identify who has custody at the present time of the report, transcript or summary of the interview or written statement.

**INTERROGATORY NO. 4:**

For each person interviewed or from whom a statement was taken in connection to Gulf Group's claim for demurrage which is the subject of this litigation or of the requirements for delivery of bottle water to camps in Iraq, please describe in as much detail as possible all information and all facts discovered and/or provided in the course of the interview.

**INTERROGATORY NO. 5:**

For the following individuals please provide all information you have regarding their (a) job description between November 2004 and March 2005, particularly describing his/her involvement

with the supply of bottle water to camps in Iraq; and (b) current occupation, employer, contact address and telephone number:

1. Maj. John Cockerham;
2. Lt. Col. Derrick Shoemake;
3. Capt Bretthorst;
4. SGT Brooks;
5. Capt. Gary Barnes;
6. Capt. John Thompson;
7. SFC Matthew H. Secco;
8. SFC Ruby Ann Murray;
9. Lorene Rodangrunwald;
10. Sandra Snediker;
11. Maj. Demetrius R. Price; and
12. Maj. Harry G. Younger.

**INTERROGATORY NO. 6:**

Identify any and all requirements imposed by the Government to the contractors supplying bottle water to the various camps in Iraq, including but not limited to requirements regarding traveling to Iraq, scheduling of shipments, routing, storage, packaging, etc.

**INTERROGATORY NO. 7:**

Identify any and all demurrage claims that were presented to the Government between 2004 and 2006 by U.S. Government contractors supplying bottle water or any other thing to camps in Iraq in 2004 and 2005 including (a) the identity of the contractor, (b) the date(s) for which demurrage was

alleged, (c) the amount of demurrage claimed, (d) the reason provided by the contractor as support for the claim(e) what disposition was given to the claim, (f) if the claim has been paid indicate the amount that was paid, (g) if the claim was denied indicate the reason for denying it, (h) if the claim was partially paid and partially denied, indicate how much was paid and why a portion was denied, and (i) if the claim is still pending its status.

**INTERROGATORY NO. 8:**

Describe in as much detail as possible, and identify all facts upon which you will rely to support all of your defenses in this matter, including but not limited to all facts upon which you support your defense that you are not responsible for the delays experienced by Gulf Group in the delivery of the bottle water to camps in Iraq during the months of November 2004, December 2004, January 2005, February 2005 and March 2005.

**INTERROGATORY NO. 9:**

Describe in as much detail as possible, and identify all facts that reflect that the demurrage incurred by Gulf Group in supplying bottle water to camps in Iraq between November 2004 and March of 2005, was not caused by an act, fault, or an order of the U.S. Government.

**INTERROGATORY NO. 10:**

Describe in as much detail as possible, and identify all facts that show what caused the delays in the convoy system traveling to and from Iraq and Kuwait for the deliveries of bottle water to camps in Iraq between November 2004 and March 2005.

**INTERROGATORY NO. 11:**

Identify who is referred to as "C-4" in the email from Maj. John Cockerham dated April 5, 2005, attached as Exhibit “C” to the Complaint filed in this action.

**INTERROGATORY NO. 12:**

Identify all documents, law, publications of any kind, memorandum, operating procedures, manuals, etc. upon which you will rely at the trial of this matter.

**INTERROGATORY NO. 13:**

Identify all documents, law, publications of any kind, memorandum, operating procedures, manuals, etc. containing any and all requirements and/or operating procedures, and/or Government policies for the supply of bottle water to camps in Iraq.

Dated: August 7, 2007

Respectfully submitted,

ILIAURA HANDS (LA # 23115)
MILLER & WILLIAMSON LLC
3150 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 525-9800
Telefax: (504) 525-9820
Email: ili@miller-llc.com

***Attorneys for Plaintiff, Gulf Group General Enterprises Co. W.L.L.***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, and by delivering another copy via telefax this 7th day of August , 2007

ILIAURA HANDS