**UNITED STATES COURT OF FEDERAL CLAIMS**

**GULF GROUP GENERAL ENTERPRISES CO. W.L.L.**

**Plaintiff,**

**VERSUS**

**THE UNITED STATES OF AMERICA**

**Defendant,**

**No. 07-82C**
**(Judge Horn)**

tabbies
EXHIBIT
8

**PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**

**NOW COME** plaintiff, Gulf Group General Enterprises Co. W.L.L. (hereinafter "Gulf Group"), and pursuant to Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC") request that the defendant, the United States Government (hereinafter "the Government") produce at the offices of Miller & Williamson LLC., 3150 Energy Centre, 1100 Poydras Street, New Orleans, Louisiana 70163, for inspection and copying the following:

**INSTRUCTIONS**

(a) When responding, furnish all responsive documents or things in the possession of your officers, employees, representatives, investigators, or other parties acting on your behalf, not merely within the custody of the party responding to this discovery pleading. If you cannot respond in full after exercising due diligence to secure the documents or things requested, so state and describe in full the efforts made to secure such responsive documents or things, persons to whom inquiries were directed, and answer to the extent possible.

(b) If you object to or fail to answer any of the discovery requests, state the grounds therefor and the authority upon which you rely.

(c) If you assert any claim of privilege, state the basis and authority for the claim of privilege. If your claim of privilege extends to a document, identify the document by type, date, author, recipient, and general subject matter.

(d) When responding, furnish all responsive documents or things available at the time, and, as further responsive documents or things become available, supplement your responses as required by the Rule 26(e) of the Rules of the United States Court of Federal Claims (RCFC).

## DEFINITIONS

"You" or "your" means The United States Government acting through the Department of the Army, U.S. Army Contracting Command SWA-Kuwait (ARCENT) and all representatives, offices, contracting officers, agents, employees or other parties acting its behalf.

"Document" means any written, recorded, photographic or graphic matter, however, produced or reproduced, including copies of any such matter. This includes copies of documents if a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation and modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is separate document and must be produced. If any requested document was but is no longer in your possession, custody or control, or if any such document was in existence but is no longer in existence, state what disposition was made or it, when such disposition took place, and the identity of the person(s) who ordered or authorized such disposition.

"Contract" means the Fixed Price Service Contract No. W912D1-04-A-0052 for the procurement and supply of CENTCOM approved bottled water to base camps for the Operation Iraq Freedom (OIF) entered into between the Government through the Department of the Army, U.S. Army Contracting Command SWA-Kuwait (ARCENT) and Gulf Group on November 1, 2004.

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents used or relied upon in answering the First Set of Interrogatories, and

the First Set of Request for Admission served contemporaneously herewith.

**REQUEST FOR PRODUCTION NO. 2:**

A copy of the entire file regarding the contract with Gulf Group for the supply of bottle water to Camps in Kuwait and Iraq and which is the subject of this litigation.

**REQUEST FOR PRODUCTION NO. 3:**

All communications, data, receipts, computer entries, telex, fax, E-mail (if not printed, then have printed) prepared, entered or received by you and your agents in connection with Gulf Group's claim for demurrage for the delivery of bottle water to camps in Iraq from November 2004 to March 2005.

**REQUEST FOR PRODUCTION NO. 4:**

All communications, data, receipts, computer entries, telex, fax, E-mail (if not printed, then have printed) from Maj. John Cockerham, Lt. Col. Derrick Shoemaker, Sargent Brooks, and/or Capt Bretthorst to any Gulf Group employee including but not limited to the following individuals: Mitch Altawash, Saud Altawash, Suresh Pulikkal, Bobby Wilson and Allen Tayadon for the period between October 1, 2004 and April 30, 2005.

**REQUEST FOR PRODUCTION NO. 5:**

Complete copies of all of your files for claims submitted by other Government contractors for demurrage charges incurred for delivery of supplies to camps in Iraq in 2004 and 2005.

**REQUEST FOR PRODUCTION NO. 6:**

The entire file maintained by contracting officers John Cockerham, Joe L. Libbey, or any other Contracting Officer Representative at the U.S. Army Contracting Command Southwest-Asia - Kuwait regarding Gulf Group's claim for demurrage which is the subject of this litigation, including

any handwritten notes, completed, incomplete or drafts of letters, recommendations, memoranda, decision, etc.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents reflecting any requirements imposed by the Government to the contractors supplying bottle water to the various camps in Iraq, including but not limited to requirements regarding traveling to Iraq, scheduling of shipments, routing, storage, packaging, etc.

**REQUEST FOR PRODUCTION NO. 8:**

All documents upon which you will rely to support all of your defenses in this matter, including but not limited to all documents upon which you will support your defense that you are not responsible for the delays experienced by Gulf Group in the delivery of the bottle water to camps in Iraq during the months of November 2004, December 2004, January 2005, February 2005 and March 2005.

**REQUEST FOR PRODUCTION NO. 9:**

All documents that reflect that the demurrage incurred by Gulf Group in supplying bottle water to camps in Iraq between November 2004 and March of 2005, was not caused by an act, fault, or an order of the U.S. Government.

**REQUEST FOR PRODUCTION NO. 10:**

All documents reflecting what caused the delays in the convoy system traveling to and from Iraq and Kuwait between November 2004 and March 2005.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, law, publications of any kind, memorandum, operating procedures, manuals, etc. upon which you will rely at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 12:**

All documents, law, publications of any kind, resolutions, memorandums, operating procedures, manuals, etc. containing any and all requirements and/or operating procedures, and/or Government policies for the supply of bottle water to camps in Iraq that were in effect between November 2004 and March 2005.

Dated: August 7, 2007

Respectfully submitted,

ILIAURA HANDS (LA # 23115)
MILLER & WILLIAMSON LLC
3150 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 525-9800
Telefax: (504) 525-9820
Email: ili@miller-llc.com

*Attorneys for Plaintiff, Gulf Group General Enterprises Co. W.L.L.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this 7th day of August , 2007

ILIAURA HANDS