**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **GULF GROUP GENERAL ENTERPRISES CO. W.L.L.**<br><br>**Plaintiff,**<br><br>**VERSUS**<br><br>**THE UNITED STATES OF AMERICA**<br><br>**Defendant,** | **No. 07-82C**<br>**(Judge Horn)** |

**PLAINTIFFS STATUS REPORT AND OPPOSITION TO ADDITIONAL STAY**

MAY IT PLEASE THE COURT:

Pursuant to this Court's order dated January 2, 2008, Plaintiffs herein submit its status report in response to the defendants report of April 7, 2008, and also in opposition to the Government's request for another extension of the stay initially granted on October 2, 2007.

In its status report the Government asks for yet another extension of the stay until October 2008. The Government however has not supported the request on any valid or credible basis, and no sworn statement or declaration has been submitted in that respect. Accordingly, plaintiff oppose the additional extension of the stay and further submits that the requested extension is unreasonable and that there are no legitimate basis for further prolonging the resolution of this matter.

Your Honor may recall that in September of last year the Government sought the stay for 6 months and in support of that request submitted the declaration of Special Agent Mr. Larry Scott Moreland who stated that he anticipated needing only 3 months to conclude his investigation of Gulf Group. After Your Honor held a telephone hearing on the matter, on October 2, 2007 the Court granted the initial stay and ordered that status reports be submitted in January 2008. On December

28, 2007 the Government then sought a second extension of the stay up until April 2008, which we did not object as we thought it was not unreasonable. At that time the Government informed the court that representatives of Gulf Group were scheduled to meet with the prosecutors on January 8, 2008. That meeting however actually took place earlier, on January 4, 2008, and since that meeting no charges whatsoever have been filed against Gulf Group.

The Government now again seeks another extension (the third extension) of 6 more months until October 2008, and as basis for the new extension the Government submits that (1) Major Cockerham's trial is scheduled to commence on April 21, 2008, but that the trial "may" be delayed, and (2) Gulf Group remains the subject of the grand jury investigation. Both basis are unsupported and thus unfounded.

First, the criminal trial of Maj. Cockerham has not been continued and other than the Government's self-serving statement in that respect there is no support whatsoever for that proposition. There is no valid or credible evidence whatsoever that the trial will be delayed until October 2008 or any other date, so that the Government's request for such a prolonged extension -- aside from being unsupported-- is unreasonable and shall be denied. As it is, the Court has no assurance whatsoever that the trial against Maj. Cockerham will indeed be continued until October 2008 or any other date and a review of the docket of that case reveals that the trial continues to be scheduled for April 21, 2008. Accordingly, the stay shall be lifted and this matter allowed to proceed its normal course.[1]

---

[1] In any event, even if the Cockerham trial is indeed postponed as the Government indicates, that fact alone has no bearing on the speedy prosecution of this case. As we previously pointed out in our opposition to the first motion to suspend these proceedings, the issues in this civil case are

Second, with respect with the Government's statement that Gulf Group is currently the subject of the grand jury investigation, again no support whatsoever has been submitted in that respect. The Government has not submitted any sworn declarations so affirming and those representations are nevertheless false. As evidenced from the attached sworn statement of Gulf Group's counsel, Ms. Iliaura Hands, the Government's lead prosecutor Mr. Mark Pletcher has confirmed that Gulf Group or its representative are *not* the target of the grand jury investigation but that the Government is still interested in them because they may have information pertinent to the investigation. Accordingly, simply because Gulf Group's representatives *may* have information pertinent to the investigation that targets some other party and thus *may* be a witness in that grand jury investigation does not lend sufficient support for staying this matter until October 2008.[2]

The Government simply has no sound reason to justify sacrificing Gulf Group and precluding it from obtaining a prompt resolution of its claim, so that its self-serving delaying tactics should be rejected by this Court.

Alternatively, Plaintiff suggests that if the court is still inclined to prolong the stay, that it be extended on a limited basis and that discovery –even if restricted – may be allowed to go forward

---

not related or substantially similar to those in the criminal investigation against Maj. Cockerham. Maj. Cockerham was the contracting officer who cancelled 3 of Gulf Group's other contracts "for government convenience" and which are the subject of three other law suit. Therefore, if Gulf Group had any involvement whatsoever with Maj. Cockerham in any of the criminal acts for which he is being accused, Gulf Group's contracts would have not been cancelled.

[2] It is obvious now that the Government is simply trying to string out payment under the pretext of investigating Gulf Group. The Government has submitted no sworn statement from anyone confirming that the investigation against Gulf Group continues. This omission is telling, and it will be a travesty of justice if this matter were to be delayed further based on unsupported self-serving statements that an investigation is being conducted.

so as to preserve the evidence which may be forever lost due to the passage of time. As we explained in our opposition to the Government's initial motion to stay, the discovery that Gulf Group has sought in this case does not have any relation to any allegations of fraud on the part of Gulf Group, or government officers.[3] Prior to the first stay we had already requested the Rule 30(b)(6) deposition of the Government representatives from whom we expect to obtain information regarding the cause of the delays among others, and we see no reason why the case cannot be allowed to go forward at least to take those depositions and preserve that evidence for trial.[4] Therefore, delaying this matter further until the Government gets its act together and completes its investigation into matters that have no relation whatsoever with the issues in dispute here and which do not target the plaintiff or its representative, is unreasonable and will cause Gulf Group an undue burden and substantial prejudice, specially since it has been confirmed that Gulf Group is not the target of the grand jury investigation. A long time has now passed and the facts and events involving the main

[3] The issues in dispute can be summarized as follows: (1) whether Gulf Group's trucks were required to travel to and from Iraq and Kuwait with the military convoys; (2) whether Gulf Group's trucks were delayed; (3) what caused the delays in the convoys; (4) whether the delays were attributable to the Government; and (5) the amount of compensation to which Gulf Group is entitled. None of those issues relate to the criminal charges and investigation the Government alleges. Two key witnesses have already testified but others have yet to be deposed. Particularly we refer to Mr. Megbel Altawash and LTC Shoemake who testified that the trucks were detained for extended periods of time at the military camps in Iraq after the bottle water had been discharged so that there were delays in the return of the trucks. Gulf Group's trucks were not allowed to travel back without the convoy, or sometimes were used by the Government to carry military equipment back to Kuwait without first obtaining Gulf Group's consent and without compensation. This aspect requires further discovery which is not related to any criminal investigation the Government may allegedly be conducting, and which we fear may be forever lost if a further stay is allowed as the witnesses' recollection of the events tends to fade with the passage of time.

[4] The delayed trips that are the subject of this litigation took place from November 2004 to March 2005, so that further delaying the trial for another six months plus the time that it has already been delayed may prove fatal to the proper administration of justice.

issues in this matter may be forever lost as the memory of the relevant witnesses may fail with the passage of time. Accordingly, at the very least the stay should be lifted for the limited purpose of allowing the discovery that was pending just prior the stay to go forward.

## CONCLUSION

For the above stated reasons the request for a further stay of 6 months until October 2008 shall be denied. The Government has submitted no credible evidence that Maj. Cockerham's trial will be further delayed until October 2008. Gulf Group is not the target of the grand jury investigation. And alternatively the deposition of the Government representatives should be allowed to go forward in order to preserve the evidence for trial.

Dated: April 14, 2008

Respectfully submitted,

s / Iliaura Hands
ILIAURA HANDS (LA # 23115)
MILLER & WILLIAMSON LLC
3150 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 525-9800
Telefax: (504) 525-9820
Email: ili@miller-llc.com
*Attorneys for Plaintiff, Gulf Group General Enterprises Co. W.L.L.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2008, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Iliaura Hands
ILIAURA HANDS