IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF GROUP GENERAL ENTERPRISES CO. W.L.L., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-82C (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S STATUS REPORT

Pursuant to the Court's order at the status conference held on April 18, 2008, defendant files this status report. On October 2, 2007, the Court granted the defendant's motion to suspend proceedings pending the outcome of a criminal investigation of plaintiff Gulf Group General Enterprises Co. W.L.L. ("Gulf Group").

At the April 18, 2008 status conference, the Court ordered the Government to file a further status report stating: 1) when Major Cockerham's trial is scheduled to begin; 2) any information regarding when the criminal investigation of Gulf Group will be resolved; 3) how the criminal investigation of Gulf Group relates to this civil action; and 4) why plaintiff's Rule 30(b)(6) deposition cannot go forward until the criminal investigation is completed. The Government responds to these issues below.

I. COCKERHAM TRIAL

Major Cockerham's trial was previously schedule to begin on April 21, 2008; however, the trial did not begin on April 21, 2008, but was postponed by the mutual consent of the parties. A new trial date has not yet been scheduled. As we stated in our previous status report of April 7, 2008, Major Cockerham's sister and a co-defendant in the criminal proceedings, Carolyn Blake's trial was recently rescheduled and set for trial on October 27, 2008.

## II. INVESTIGATION OF GULF GROUP

Currently, Gulf Group remains a subject of the grand jury investigation and a decision as to whether to proceed with criminal charges against Gulf Group will likely not be made until after the completion of Major Cockerham's criminal trial. The investigation includes numerous contractors, not just Gulf Group, and there is no firm date when the investigation is scheduled to be completed. However, the Government's best estimate is that the investigation will be completed by the end of 2008. As a result, the defendant requests that these proceedings remain stayed until January 7, 2009 and defendant suggests that it be required to file a further status report on or before January 7, 2009.

## III. CRIMINAL PROCEEDINGS RELATE TO THIS CIVIL MATTER

Plaintiff Gulf Group's civil complaint relates directly to the criminal investigation surrounding Major Cockerham. The complaint in this action concerns Fixed Price Service Contract No. W912D1-04-A-0052 (the "contract"), awarded by the U.S. Army to Gulf Group on or about September 28, 2004. Complaint, ¶ 5, Exhibit A. The contract required Gulf Group to supply and deliver United States Central Command ("CENTCOM") approved bottled water to base camps in Iraq. Id. The contract was signed by the contracting officer, Gloria D. Davis. Complaint, Exhibit A. Another contracting officer, Major John Cockerham, ordered numerous shipments of bottled water under the contract. Complaint, Exhibits D, E. In addition, on April 5, 2005, Major Cockerham sent an email to Gulf Group apparently offering to raise the price of the bottled water to 2.578 Kuwaiti dinar ("KWD"). In the email, Major Cockerham alleged that the increase in price was to cover future demurrage charges and damages to trucks caused during deliveries to Iraq. Complaint, Exhibit C. Gulf Group sent a letter to Major Cockerham on April

6, 2005 accepting the increased price. Complaint, Exhibit F.

Major Cockerham, one of the contracting officers for the contract at issue, has been indicted on numerous charges including accepting bribes from contractors supplying bottled water to Iraq. Def. App. 1, ¶¶ 2-3.[1] In addition, prior to her suicide, Gloria Davis, who signed the original contract, was being investigated for accepting bribes. As a result, the Government is investigating whether Government contractors who dealt with Major Cockerham paid bribes to him. Def. App. 2, ¶ 5. In addition, Major Cockerham apparently agreed to raise the price of bottled water paid to Gulf Group for no legitimate reason given that the Government is not liable for demurrage charges under the contract. See Complaint, Exhibit A, p. 7 (incorporating by reference FAR 52.247-34).

Gulf Group claims in its civil action, based at least in part upon the e-mail from Major Cockerham, that it is entitled to additional payment for demurrage charges incurred when delivering bottled water to Iraq. Complaint ¶ 13, Exhibit C. In its complaint, plaintiff alleges the e-mail from Major Cockerham to Gulf Group "clarified that the demurrage charges already incurred (from November 1, 2004 through March 31, 2005) would be reimbursed by the Government through the normal claims process." Id. Yet the contract states exactly the opposite. The contract incorporates by reference FAR provision 52.247-34. Complaint, Exhibit A, pg. 7. FAR provision 52.247-34 states the "Government shall not be liable for any delivery, storage, demurrage, accessorial, or other charges involved before the actual delivery . . . of the supplies to the destination, unless such charges are caused by an act or order of the Government

---

[1] "Def. App." refers to the appendix to "Defendant's Motion To Suspend Proceedings" in this matter filed on September 13, 2007.

acting in its contractual capacity."[2] Moreover, while plaintiff argued at the status conference on April 18, 2008 that this email has nothing to do with this litigation, obviously plaintiff thought that the e-mail was important enough to attach it to its complaint to support its allegations. Complaint, ¶ 13, Exhibit C. In short, under the contract the Government agreed to pay to have Gulf Group deliver bottled water F.O.B. to military bases in Iraq. Other than the e-mail from Major Cockerham, there is no basis for Gulf Group to claim that the Government agreed to pay for demurrage charges.

The current criminal investigation is aimed at determining, among other things, whether Major Cockerham raised the price of bottled water paid to contractors such as Gulf Group because of bribes paid to Major Cockerham by the contractors or for some other reason. As a result, Gulf Group's civil action is closely related to the ongoing criminal investigation surrounding Major Cockerham because both must determine the reason why Major Cockerham increased the price of the bottled water paid to Gulf Group.

## IV. PLAINTIFF'S RULE 30(B)(6) DEPOSITION RELATES DIRECTLY TO THE CRIMINAL INVESTIGATION

Similarly, plaintiff's Rule 30(b)(6) deposition notice dated August 30, 2007, also attempts to obtain information directly related to the criminal investigation involving Major

---

[2] Plaintiff claims that the U.S. Army required its trucks to travel in Army convoys which caused delays resulting in demurrage charges which plaintiff is attempting to collect pursuant to this lawsuit. However, any delay caused by the Army's requirement that Gulf Group's trucks travel in Army convoys were caused by the Government acting in its sovereign capacity, not its contractual capacity. Horowitz v. United States, 267 U.S. 458, 460 (1925) ("the United States when sued as a contractor cannot be held liable for an obstruction to the performance of the particular contract resulting from its public and general acts as a sovereign.") As a result, there is no basis under the contract for the contracting officer to reimburse any demurrage claims.

Cockerham. The subjects specified in the deposition notice to be covered include the "decision to increase the unit price for bottle (sic) water that was delivered to the Government camps in Iraq starting from April 2005 and which was purchased by the Government from contractors and/or vendors in Kuwait." Deposition Notice, ¶ 10.[3] Any decision to increase the price of bottled water delivered to Iraq and purchased by the Government is directly related to Major Cockerham's e-mail in which he attempts to raise the price that the Government paid for bottled water in return for the contractors not submitting future demurrage claims. Moreover, the likely person to answer the question as to why the price was increased is Major Cockerham, who is currently incarcerated and awaiting resolution of the criminal charges against him. Again, as we stated above, we cannot conceive of a legitimate reason for a contracting officer to voluntarily raise the price the Government pays for bottled water in order to avoid future claims, especially where claims for demurrage charges are not allowed under the contract.

As a result, the Government requests that this matter be stayed until January 7, 2009 and that the Government be required to submit a status report on or before January 7, 2009. Continuing the stay will allow the criminal investigation to determine, among other things, whether any criminal activity was involved in Major Cockerham's decision to raise the price paid for bottled water supplied by Gulf Group.

---

[3] Plaintiff's deposition notice is attached hereto as Exhibit A.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0315
Fax: (202) 514-8624

April 23, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2008, a copy of the foregoing "DEFENDANT'S STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert C. Bigler