IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF GROUP GENERAL ENTERPRISES CO. W.L.L., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-82C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S STATUS REPORT

Pursuant to the Court's order dated June 26, 2008, defendant, the United States, respectfully submits this status report.

### Background

On October 2, 2007, the Court granted our motion to suspend proceedings pending the conclusion of a criminal investigation involving, among other entities, plaintiff, Gulf Group General Enterprises Co. W.L.L. ("Gulf Group"). The Court's order granting our motion to suspend proceedings required us to file periodic status reports advising the Court and the plaintiff of the status of the criminal investigation.

On April 7, 2008, we filed a status report stating that "Major Cockerham's criminal trial remains scheduled to commence on April 21, 2008; however, the trial may be delayed until October 2008." In a status report filed on April 23, 2008, we advised the Court that Major Cockerham's trial "did not begin on

April 21, 2008, but was postponed by the mutual consent of the parties." The Court issued an order continuing the stay of proceedings.

On June 26, 2008, the Court held a status conference to discuss information received by the Court on June 25, 2008, that "indicated that, contrary to the filings and express statements submitted to this Court by the Government in the above-captioned case, Major Cockerham, whose actions maybe at issue in the above-captioned case, entered a guilty plea on January 31, 2008." Order dated June 26, 2008. Following the status conference, the Court issued an order dated June 26, 2008, directing us to file "a detailed, and accurate, status report, with names, dates and places, addressing the purported basis for the current stay in this case, and detailing the correct facts with respect to the criminal prosecution of Major Cockerham, as well as the extent of knowledge defendant's counsel had regarding those facts."

Response To The Court's Order

At all times, the submissions in this case by the counsel for the Government listed below ("counsel") were accurate and complete, after appropriate inquiry, to the best of our knowledge at the time. Counsel first learned of Major Cockerham's guilty plea on June 25, 2008, upon receipt of a press release issued

late on June 24, 2008, announcing the guilty pleas of Major Cockerham and his wife, Melissa Cockerham. Lawyers in another section of the Civil Division sent the press release to the supervisor in this case, Deborah A. Bynum, who previously was unaware of the plea. Ms. Bynum read the press release shortly after 8:30 a.m. on June 25, 2008, and immediately forwarded it to the undersigned counsel of record. Counsel were considering how to proceed and attempting to determine the actual status of the criminal proceedings when the Court scheduled a status conference in this case.

As explained in the attached declaration, executed by Mark Pletcher, a Trial Attorney in the Antitrust Division ("Decl."), on January 31, 2008, John Cockerham and Melissa Cockerham signed guilty pleas and agreed to cooperate with the continuing investigation into corruption occurring in Kuwait and Iraq. Decl., ¶2.[1] John Cockerham pled guilty to one count of conspiracy, in violation of 18 U.S.C. § 371; one count of bribery, in violation of 18 U.S.C. § 201(b); and one count of

[1] We are filing Mr. Pletcher's declaration with an electronic signature because the declaration was not finalized until late today. Mr. Pletcher has reviewed the declaration and authorized us to file it. However, because Mr. Pletcher was traveling, he was unable to provide a signed declaration for filing today. We can provide a signed declaration to the Court after the July 4th holiday.

money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). Melissa Cockerham pled guilty to one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). Id. When John Cockerham and Melissa Cockerham appeared before the district court to enter their guilty pleas on February 1, 2008, the prosecutors orally moved to have the plea agreements and plea proceeding placed under seal to secure the Cockerhams' cooperation to continue the investigation in a covert fashion. Decl., ¶¶ 3, 4.

Because the plea agreement was ordered sealed, the prosecutors did not disclose that Major Cockerham had pled guilty to the undersigned counsel or other members of the Civil Division of the Department of Justice. Decl. ¶¶ 6, 7, 9. The criminal prosecutors have advised that, at the time they provided information for and reviewed our status reports in this case, they believed that the order placing the guilty pleas under seal prevented disclosure to the Civil Division. Decl. ¶ 6.

Counsel obtained all information concerning the criminal investigation included in the Government's status reports filed on April 7, 2008 and April 23, 2008, from the prosecutors in the criminal case. On April 4, 2008, Mr. Pletcher informed Mr. Bigler, counsel of record in this case, that the prosecutors did

not expect Major Cockerham’s trial to go forward on April 21, 2008. Decl. ¶7. This information was incorporated into the status report filed on April 7, 2008. On April 23, 2008, Mr. Pletcher informed Mr. Bigler that Major Cockerham’s trial did not go forward on April 21, 2008, and that Major Cockerham’s trial was delayed by the mutual consent of the parties. Decl. ¶9. This information was incorporated into the status report filed on April 23, 2008. Mr. Pletcher reviewed both status reports prior to filing. Decl. ¶ 7. Neither Mr. Pletcher nor anyone else disclosed the guilty pleas to counsel while we were preparing the status reports. As a result, counsel did not learn of the guilty pleas until June 25, 2008, when we received the press release.[2] At the time we filed the status reports in this matter, counsel believed that they were accurate based upon the information provided by the criminal prosecutors.

We apologize to the Court for the incorrect information contained in our prior status reports. As officers of the Court and attorneys for the Department of Justice, we are well aware of

[2] Shortly after the press release was issued on June 24, 2008, Mr. Pletcher contacted attorneys in the Civil Division assigned to the Court of Federal Claims cases, as well as other Government attorneys, proposing that attorneys from the Civil Division and the criminal prosecutors meet, but he did not mention the press release or guilty pleas.

our special responsibility to provide the Court with complete and accurate information. We are also sensitive to the need to avoid interference with criminal proceedings (See, e.g., F.R. Crim. P. 6(e)), and, consequently, must rely upon representations from prosecutors concerning the status of those proceedings while they are continuing. We only became aware of the need to correct our prior status reports on the same date as the Court, and we promptly initiated our own inquiry to determine the facts and circumstances of which we previously were unaware. We regret the need to correct our prior omissions and incomplete statements.

Defendant's Request To Continue The Stay of Proceedings

The criminal investigation continues as to Gulf Group and a multitude of other subjects who have given money or other things of value to Major Cockerham or assisted Major Cockerham in his criminal activity. Decl. ¶ 10. The best estimate remains that the criminal investigation will continue until the end of 2008. Id.

Gulf Group's civil complaint relates directly to the criminal investigation of contractors who paid bribes to Major Cockerham. As we stated in our status report dated April 23, 2008, Gulf Group claims in its civil action, based at least in part upon an e-mail from Major Cockerham, that it is entitled to

additional payment for demurrage charges incurred when delivering bottled water to Iraq. Complaint ¶ 13, Exhibit C. In its complaint, Gulf Group alleges that an e-mail from Major Cockerham to Gulf Group "clarified that the demurrage charges already incurred (from November 1, 2004 through March 31, 2005) would be reimbursed by the Government through the normal claims process." Id. Yet, the contract provides the exact opposite.

The contract incorporates by reference FAR provision 52.247-34. Complaint, Exhibit A, pg. 7. FAR provision 52.247-34 provides that the "Government shall not be liable for any delivery, storage, demurrage, accessorial, or other charges involved before the actual delivery . . . of the supplies to the destination, unless such charges are caused by an act or order of the Government acting in its contractual capacity."[3] Moreover, while Gulf Group contended at the status conference held on April

---

[3] Plaintiff claims that the U.S. Army required its trucks to travel in Army convoys which caused delays resulting in demurrage charges which plaintiff is attempting to collect pursuant to this lawsuit. However, any delay caused by the Army's requirement that Gulf Group's trucks travel in Army convoys were caused by the Government acting in its sovereign capacity, not its contractual capacity. Horowitz v. United States, 267 U.S. 458, 460 (1925) ("[T]he United States when sued as a contractor cannot be held liable for an obstruction to the performance of the particular contract resulting from its public and general acts as a sovereign.") As a result, there is no basis under the contract for the contracting officer to reimburse any demurrage claims.

18, 2008, that this e-mail has nothing to do with this litigation, obviously Gulf Group considered the e-mail significant enough to attach it to its complaint to support its allegations. Complaint, ¶ 13, Exhibit C. In short, pursuant to the contract, the Government agreed to pay Gulf Group to deliver bottled water Free On Board to military bases in Iraq. Other than the e-mail from Major Cockerham, there is no basis for Gulf Group to claim that the Government agreed to pay for demurrage charges.

The current criminal investigation is aimed at determining, among other things, whether Major Cockerham raised the price of bottled water paid to contractors such as Gulf Group because of bribes paid to Major Cockerham by the contractors or for some other reason. As a result, Gulf Group's civil action is closely related to the continuing criminal investigation surrounding Major Cockerham because both must determine the reason why Major Cockerham increased the price of the bottled water paid to Gulf Group. Because this matter is closely related to the continuing criminal investigation, the Government respectfully requests that this matter be stayed until the end of 2008.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0315
Fax: (202) 514-8624

July 3, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2008, a copy of the foregoing “DEFENDANT’S STATUS REPORT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert C. Bigler