IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF GROUP GENERAL ENTERPRISES CO. W.L.L., | ) | No. 07-82C |
| | ) | (Judge Horn) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT DECLARATION REGARDING SEALED PLEA AGREEMENTS OF JOHN AND MELISSA COCKERHAM

Comes now, the United States of America, by and through the undersigned attorney, Mark W. Pletcher, Antitrust Division, United States Department of Justice, and declare:

1. I am Mark W. Pletcher, a trial attorney with the Antitrust Division, United States Department of Justice. In conjunction with trial attorneys from the Public Integrity Section, Criminal Division, and federal agents from the Army, the Department of Defense, the FBI, IRS, DHS, and the Special Inspector General of Iraq Reconstruction, I have been conducting a long-running investigation into contracting illegality at Camp Arifjan, Kuwait. This investigation encompasses dozens of individuals and companies suspected of giving and receiving bribes, rigging bids, and laundering the proceeds of their illegal activity.

2. On January 31, 2008, in the case of United States v. Cockerham et al., 07-CR-511 before the Honorable W. Royal Furgeson, United States District Court Judge, Western District of Texas, San Antonio Division, Major John Cockerham and Melissa Cockerham signed guilty pleas and agreed to cooperate with the ongoing investigation into corruption occurring in Kuwait and Iraq. John Cockerham pled guilty to one count of conspiracy, in violation of 18 U.S.C. § 371; one count of bribery, in violation of 18 U.S.C. § 201(b); and one count of money

laundering conspiracy, in violation of 18 U.S.C. § 1956(h). Melissa Cockerham pled guilty to one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).

3. On February 1 , 2008, John Cockerham and Melissa Cockerham appeared before Judge Furgeson in order to enter their pleas of guilty.

4. At that time, prosecutors orally moved to have the plea agreements and plea proceedings placed under seal to secure the Cockerhams' cooperation and to continue the investigation in a covert fashion.

5. In accordance with United States Department of Justice policy, prosecutors obtained all appropriate internal authorizations before moving to have the pleas and underlying documentation filed under seal with the District Court.

6.. Judge Furgeson granted the oral motion to seal the plea agreements and the plea hearing held on February 1, 2008. The hearing was then held in closed courtroom. Owing to the sealed nature of the proceedings, the April 21 trial date remained on the Court's calendar. The prosecutors understood Judge Furgeson's sealing order to prohibit disclosure of the fact that the Cockerhams' had pled guilty pursuant to the plea agreements on February 1.

7. On or about April 4, I informed Mr. Robert Bigler, a trial attorney for the Civil Division and counsel for the United States in the above-captioned matter, that the trial for one of Major Cockerham's co-defendants, Carolyn Blake, had been moved to October 27, 2008. Mr. Bigler and I discussed that although the April 21 trial date remained on the Court's calendar for the Cockerhams' trial, the prosecutors had no expectation that trial would occur at that time. I also explained during this telephone conversation that the Gulf Group remained an active subject of the ongoing, widespread criminal investigation, and that the proceedings vis a vis Major

Cockerham impacted only a portion of Gulf Group's conduct under investigation. I reviewed the status report of April 4, and later the status report of April 23, to ensure that they did not include information about the criminal investigation which could not be disclosed publicly.

8. Thereafter, Judge Furgeson's chambers initiated a discussion with me on how to explain why the Cockerhams' trial would not proceed as scheduled on April 21, 2008. Chambers and I agreed that the description that the trial had been delayed by mutual consent of the parties and acquiescence of the judge was appropriate to maintain the secrecy of the sealed proceeding and to allow the Cockerhams the opportunity to cooperate fully.

9. On April 23, 2008, I informed Mr. Bigler that, as discussed on or about April 4, Major Cockerham's trial did not go forward on April 21, 2008. I explained that Major Cockerham's trial was delayed by the mutual consent of the parties, and that no trial date had been set, although Major Cockerham's co-defendant's, Carolyn Blake's, trial remained set for October 27, 2008. I again described the expansive scope of the investigation and explained that the Gulf Group was not the only subject of this investigation, but rather one of many. My best estimate was that the investigation would be completed by approximately the end of 2008.

10. On June 24, 2008, the prosecutors moved to have the agreements unsealed, and Judge Furgeson granted that motion the same day. Also on June 24, 2008, the Department of Justice issued a press release announcing that Major Cockerham and his wife had pled guilty. Carolyn Blake's trial date remains October 27, 2008, and the criminal investigation continues as to Gulf Group and a multitude of other subjects who may have given money or other things of value to Major Cockerham or assisted Major Cockerham in his criminal activity. It remains my best estimate that the criminal investigation will conclude by the end of 2008.

11. On June 25, 2008, in response to an inquiry by attorneys in the Civil Division of the Department of Justice, prosecutors confirmed that the Cockerhams had pled guilty on January 31, 2008.

Respectfully submitted,

LISA M. PHELAN
Chief, Criminal Enforcement Section

s/ Mark W. Pletcher
MARK W. PLETCHER
United States Department of Justice
450 Fifth Street N.W.: Suite 11300
Washington, D.C. 20530