**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **GULF GROUP GENERAL ENTERPRISES CO. W.L.L.**<br><br>**Plaintiff,**<br><br>**VERSUS**<br><br>**THE UNITED STATES OF AMERICA**<br><br>**Defendant,** | **No. 07-82C**<br>**(Judge Horn)** |

**GULF GROUP'S STATUS REPORT**

Pursuant to the Court's June 26, 2008 Order requiring that Gulf Group submit a status report addressing all of the Gulf Group cases filed in this court, distinguishing the various cases and any relationship, and providing the current status of each case, Gulf Group states as follows.

In addition to this case there are a total of three other cases currently pending before the United States Court of Federal Claims in which Gulf Group is a plaintiff. All cases involve separate contracts and are for separate and distinct services. More specifically each of those other three cases are detailed as follow:

**1. Case under Docket No. 06-835, Before the Honorable Judge Loren A. Smith**

This case relates to Contract No. W912D1-04-A-0047, for the procurement and supply of **general services** including tents, portable latrines, lights, water, dumpsters, and electrical generators to Camp Buehring, with a period of performance from October 1, 2004 through September 30, 2006. This contract was awarded by Maj. Gloria Davis on September 30, 2004 and cancelled also by Maj. Davis on October 12, 2004. The cancellation was for convenience for which Gulf Group is claiming that the Government diverted business away without just reason or good cause, and therefore is seeking compensation for the expenses it incurred in preparing to perform its contractual

obligations, including the fair compensation for the profits it anticipated to generate and upon which Gulf Group fully relied.

In compliance with Federal Acquisition Regulation (FAR) Part 49.206, found at 48 C.F.R. § 49.206 Gulf Group filed a certified claim with the then contracting officer, Maj. Cockerham, but no response was ever provided and because more than 60 days passed without the Contracting Officer issuing a decision as required under 41 U.S.C. §605(c)(1) and (3), the same was deemed denied under 41 U.S.C. §605(c)(5) , and litigation followed on December 7, 2006. Because no final decision was ever issued by the contracting officer, and under the Government's threat that it was preparing to move to dismiss the case because it did not consider that the certified claim that was initially submitted met the requirements of a proper claim, the parties agreed to seek a stay pursuant to 41 U.S.C. §605(c)(5) and request that the Court direct the contracting officer to issue a final decision within 60 days from the date of the stay order. The Government's Unopposed Motion for Stay was granted on March 21, 2007 and the matter was referred to a new contracting officer, Mr. Joe L. Libbey, for issuance of a final decision. Sixty days after the Court's order, on May 21, 2007 the contracting officer issued a final decision with which Gulf Group disagrees and for which the litigation continued. Consequently, upon the Court lifting the stay, Gulf Group filed its Amended Complaint and the Government's Answer followed.

Based on the Government's allegation that it was investigating both Maj. Davis and Maj. Cockerham, as well as Gulf Group and all other contractors who dealt with Maj. Davis and Maj. Cockerham, and that proceeding with discovery in that case could interfere with the criminal investigations, on October 24, 2007 the Court stayed the case until January 15, 2008 and ordered that the Government submit a status report at that time. On January 18, 2008 the Government sought

a second extension of the stay up until April 30, 2008 representing that the Criminal Division of the Department of Justice informed that the investigation of Gulf Group will continue through April, and that because the criminal trial of Major Cockerham was scheduled to commence on April 21, 2008 the Government expected to make a decision as to whether to proceed with criminal charges against Gulf Group by the end of April. We did not object to that second extension as we thought it was not unreasonable as we were under the impression that Maj. Cockerham's trial was on track to commence on April 21, 2008 so that the extension involved just a short time. On April 30, the Government once again sought an extension of the stay until January 7, 2009 which we opposed. Judge Smith has yet to rule on the Government's new motion to continue the stay and he has set a hearing on the matter for next Monday July 14, 2008 at 2:30 p.m.

With respect to the relationship of that case and this one, there is none other than the fact that Maj. Cockerham may be a witness in both cases. Maj. Cockerham did not award the general service contract for Camp Buehring, and the cancellation was not executed by him. All we know is that he may have information relative to the reasons for the cancellation, and we do not anticipate that the testimony of any other witnesses necessary for that case will overlap with the testimony needed in this case in which Gulf Group is seeking recovery of demurrage incident the supply of bottle water over a 5-month period (November 2004 through March 2005) under a separate contract (Contract No. W912D1-04-A-0052) also awarded by Maj. Gloria Davis who is now deceased.[1]

[1] In this case Maj. Cockerham was one of many Contracting Officers who from time to time issued Calls requesting the supply of bottle water. Gloria Davis issued the call for November of 2004. Maj. Cockerham issued the calls for December 2004, January and February of 2005. Roderick Sanchez issued the call for March of 2005. Other officers were involved in other calls after that, but those are not at issue here.

2. **Case under Docket No. 06-853 Before the Honorable Judge Susan Branden**

This case pertains to Gulf Group's claim under the Fixed Price Service Contract No. W912D1-04-P-0897 for the supply and service of **dumpsters** at Camp Arifjan, Kuwait from September 25, 2004 through September 24, 2007. That contract was awarded by Maj. Gloria Davis on September 18, 2004 as a result of a bid solicitation dated August 18, 2004 but was cancelled by Maj. Cockerham on October 22, 2004. The contract was cancelled for Government convenience under FAR §52.212-4, and Gulf Group is claiming compensation for the losses incurred and expectation profits it anticipated to generate for the full term of the Contracts and upon which it fully relied because it is Gulf Group's contention that the cancellation was in bad faith and the Government improperly diverted business away from it without just reason.

After the contract was cancelled by Maj. Cockerham Gulf Group filed a certified claim with the then Contracting Officer, Maj. Cockerham which was never resolved and for which a complaint was filed on December 19, 2006. Just as it was the situation with the matter addressed above involving Gulf Group's claim under the general services contract at Camp Buehring, the case was stayed for 60 days pursuant to 41 U.S.C. §605(c)(5) pending a final decision by the contracting office, Joe Libbey, who was appointed to resolve all of Gulf Group claims that Maj. Cockerham ignored. The final decision in that case was rendered on May 21, 2007 and because Gulf Group is not satisfied with the decision and the award made therein, the litigation continued with Gulf Group filing its Amended Complaint which the Government has answered.

The current status of the case is active. On October 23, 2007 the case was initially stayed based on the Government's allegation that proceeding with discovery in that case could interfere with the Cockerhams' criminal matter and that it was investigating all contractors with whom

Cockerham was involved, including Gulf Group. After several extensions the stay was lifted by order of the Honorable Judge Branden of June 12, 2008 with instructions that the Government may file a motion to dismiss on or before July 11, 2008, and if no motion to dismiss is filed, the parties are to file a Joint Status Report on or before August 8, 2008. Just prior to the stay, the parties were in the process of preparing a Joint Preliminary Status Report (JPSR) which has not yet been filed. The same day the stay was lifted Plaintiff's counsel approached defense counsel in an effort to conclude the JPSR and under separate letter requested that the Government make available for deposition 3 witnesses, all of whom may have information regarding the reasons for Maj. Cockerham's cancellation of the contract and other relevant aspects particular to that case.[2] None of those witnesses have been identified as having pertinent information in connection with this case, and except for the fact that Maj. Cockerham was a contracting officer in both cases, there is no other relationship whatsoever that we are aware of between that case and this captioned matter which involves a separate contract. Accordingly, no witnesses other than perhaps Maj. Cockerham overlap between that case and this one.

**3. Case under Docket No. 06-858, Before the Honorable Chief Judge Edward J. Damich**

This case relates to the Fixed Price Service Contract No. W912D1-04-P-0932, for the supply and service of **portable latrines** at Camp Arifjan, Kuwait, from September 2, 2004 through May 31, 2007. The contract involved in that case was awarded to Gulf Group by Maj. Gloria Davis as a result of being the successful bidder under a solicitation issued on August 18, 2004. Just as it was the case with the matter detailed in paragraph 2 above pending before Judge Branden, this contract

[2] The Government's trial attorney has not yet responded to our request pertaining to the JPSR or the depositions.

was also cancelled by Maj. Cockerham but a few days earlier, on October 18, 2004, and the cancellation was also for Government convenience for which Gulf Group is also alleging bad faith and seeking the appropriate compensation including expectation profits for the full value of the contract upon which it relied. A certified claim was submitted to the then contracting officer, Maj. Cockerham which was also never resolved. Therefore, because the claim was deemed denied Gulf Group filed its claim in this Court on December 19, 2006, and just as it was the case with the other two matters described above, prior to the Government filing its Answer the case was stayed for 60 days pending the final decision by the contracting officer, Joe Libbey. That decision was rendered on May 21, 2007 and because Gulf Group's does not feel completely compensated and therefore is not satisfied with the decision, the litigation continued with Gulf Group filing an Amended Complaint which the Government proceeded to answer.

Based on the Government's representations that it is investigating Gulf Group and that a decision as to whether to proceed with charges against Gulf Group would be made only after the conclusion of Maj. Cockerham's trial, the case was stayed on November 1, 2007. That stay was continued by the Court twice, on February 1, 2008, and again on May 16, 2008, with the last extension running until June 16, 2008 at which time the parties were to file a Joint Status Report detailing how they wished to proceed thereafter. On June 16, 2008 a Joint Status Report was submitted by both parties in which they informed that the Government intends to request an extension of the stay until January 7, 2009 and that Plaintiff opposes the extension. Therefore, the parties requested that a briefing schedule be set in that respect. Thereafter, on July 3, 2008 the Court held a status conference to discuss the matter of Cockerham's guilty plea and the Government's request for a further extension of the stay. At the conference Chief Judge Damich ordered that on

July 14, 2008 Defendant file a statement explaining the factual basis for extending the stay, and that Plaintiff's response if any be filed on or before July 28, 2008. Chief Judge Damich also ordered that on or before Friday, July 25, 2008, the parties confer about how that case relates to the other Gulf Group cases and that they file a joint status report in that respect. Finally, Chief Judge Damich instructed the Defendant to provide Plaintiff and the Court with notice of any pending federal criminal investigation of Plaintiff related to that case and the other three Gulf Group cases on or before Friday, July 25, 2008.

Again, except for the fact that Maj. Cockerham was a contracting officer in both cases, there is no other relationship whatsoever between that case and this captioned matter involving a separate contract, and no witnesses other than perhaps Maj. Cockerham overlap between that case and this one.

In sum, all cases in which Gulf Group is a plaintiff were filed under separate actions because they all involve different contracts and likely different sources of proof. Further, the other three cases involve cancellations of Gulf Group's contracts for convenience and Plaintiff's claim that the cancellations were in bad faith as the Government diverted business away from Gulf Group without just cause. Unlike the three other cases referenced above, this claim does not alleged the wrongful cancellation of the contract but simply is an attempt to collect for unpaid demurrage charges incurred by Gulf Group in the performance of its contract and to which Gulf Group is entitled under the contract and the applicable law.

**Gulf Group's Comment on the Government's Explanation to Continue the Stay**

With respect to the Government's attempt to explain the need to continue the stay of this case after Maj. Cockerham's guilty plea, the Government argues that "The current criminal

investigation is aimed at determining, among other things, whether Major Cockerham raised the price of bottled water paid to contractors such as Gulf Group because of bribes paid to Major Cockerham by the contractors or for some other reason. As a result, Gulf Group's civil action is closely related to the continuing criminal investigation surrounding Major Cockerham because both must determine the reason why Major Cockerham increased the price of the bottled water paid to Gulf Group." See Government's Status report at page 8. However, none of those allegations have been made in connection with this matter. In this case Gulf Group is not seeking compensation for the increase in the price of the bottled water and none of the allegations in the complaint relate to that fact. As explained before, the April 5, 2005 email in which Maj. Cockerham informed the bottled water contractors that it was increasing the price in exchange for eliminating future charges for demurrage, and upon which the Government supports the need for the stay, is not determinative here. Our claim involves expenses incurred by Gulf Group between November 2004 through March 2005, before the April email was ever issued and before the price of the bottled water was ever increased. Also, the success of our claim does not depend in any respect on the validity of the increase in the price. Therefore, the reasons for the increase in the price of the bottled water –whether legal of illegal– are simply non-determinative of Gulf Group's right to recover here and is an issue which this Court is not being asked to resolve. Simply put, our claim here does not seek a finding that the increase of the price was legal or appropriate. Our mention of the April 5, 2005 email in the Complaint was simply so that the Court have all of the facts involving the contract, and so that the Court is aware that there was some awareness and perhaps an acquiescence on the part of the Government that demurrage had been incurred in the delivery of the bottled water prior to April of 2005, and that the Contractors would be claiming compensation thereof through the claims

process. Accordingly, the Government has not sufficiently demonstrated the need to maintain the stay in this case because there is no relation between the criminal investigation and this case.

Additionally, now that Maj. Cockerham has pleaded guilty since January of this year, and presumably has cooperated with the attorneys for the Department of Justice Criminal Division in their investigation since that time, the Government should be in a position to either file an information or obtain an indictment against the contractors involved in Maj. Cockerham's criminal conduct. No information has been filed or an indictment obtained against Gulf Group, and no representations that Gulf Group is the target of any such investigation or a Grand Jury has been provided to this date by the Criminal Division attorneys of the DOJ. Mr. Pletcher's statement , attached to the Government's Status Report, simply indicates that "the criminal investigation continues as to Gulf Group and a multitude of other subjects" but he does not state that at present Gulf Group is considered a target of the investigation, and no target letter has been submitted to Gulf Group either. Therefore, it is unjust to continue to hold this case in abeyance when no information or indictment will ever be filed. In any event, because all that is involved is an alleged criminal investigation on matters that have no relation to the issues in this case, in the discretion of this Honorable Court the stay should be lifted. "[C]ourts generally decline to stay civil proceedings when a related criminal matter is still in the investigatory stage." *E.g., S.E.C. v. Treadway,* 2005 WL 713826, at *3 (S.D.N.Y. March 30, 2005). See also *Sterling Nat. Bank v. A-1 Hotels Intern., Inc.*, 175 F.Supp.2d 573, 576 (S.D.N.Y.,2001) (Stay of civil action while criminal litigation is being conducted is not constitutionally required whenever a litigant finds himself facing the dilemmas inherent in pursuing civil litigation while being the subject of a related criminal investigation).

**CONCLUSION**

The Government has not made the required showing that proceeding with this matter will prejudice any criminal action against Gulf Group or anyone else, and for that reason the stay should be lifted. As explained above, the nature of this case and the respective allegations raised in support of the claim for demurrage have nothing to do with whether or not Cockerham was correct to raise the price of the bottled water or whether that constituted an illegal act. We are not claiming for the increase in the bottled water. We are claiming compensation for damages sustained by Gulf Group in the performance of the contract prior to the price being raised, and it is our contention that the damages claimed were caused by the fault of the Government acting in its contractual capacity. Accordingly, we trust this Court will agree with our position and lift the stay.

Respectfully submitted,

s / Iliaura Hands
ILIAURA HANDS (LA # 23115)
MILLER & WILLIAMSON LLC
3150 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 525-9800
Telefax: (504) 525-9820
Email: ili@miller-llc.com
***Attorneys for Plaintiff, Gulf Group General Enterprises Co. W.L.L.***

Dated: July 10, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2008, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Iliaura Hands
ILIAURA HANDS