**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **GULF GROUP GENERAL ENTERPRISES CO. W.L.L.**<br><br>**Plaintiff,**<br><br>**VERSUS**<br><br>**THE UNITED STATES OF AMERICA**<br><br>**Defendant,** | **Case No.: No. 06-858C**<br>**(Chief Judge Damich)** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF FACTS SUPPORTING CONTINUATION OF THE STAY**

Plaintiff submits this response to the defendant's Notice of Facts Supporting the Continuation of the Stay filed in this matter on July 16, 2008, and opposes a continuation of the stay for the following reasons.

On October 19, 2007 the defendant submitted an unopposed motion to stay this matter on the Government's representations that it was investigating Gulf Group and that a decision as to whether to proceed with charges against Gulf Group would be made only after the conclusion of Maj. Cockerham's trial who was facing charges of accepting bribes while acting as a contracting officer at Camp Arifjan in Kuwait.[1] We did not oppose that motion because the requested stay was

[1] Maj. Cockerham is the officer who cancelled Gulf Group's contract subject of this litigation as well as two other contracts awarded to Gulf Group by the U.S. Army in Kuwait, and for which separate claims are also pending in this Court. The cancellation of all three contracts was for convenience under FAR §52.212-4. It is Gulf Group's contention that the cancellations were in bad faith and that the Government diverted business away from it without just reason. Therefore, Gulf Group is claiming compensation for the losses incurred when the Government cancelled its contracts as well as expectation profits it expected to generate for the full term of the contracts, and upon which it relied. It is expected that Maj. Cockerham will be called as a witness in this matter to explain why was it convenient for the Government –as opposed to him personally– to cancel Gulf Group's contracts.

of a relative short duration until January 15, 2008 so we did not consider it too burdensome.[2] As a result, on November 1, 2007 this Honorable Court issued an Order staying the case. Thereafter, relying on the Government's representations that Maj. Cockerham's trial was on tract to commence on April 21 and that only after that trial the Government could make a determination whether it would file charges against Gulf Group, we consented to the Government's next two requests for a continuation of the stay which Your Honor granted by first continuing the stay on February 1, 2008 until April 15, and then again on May 16, 2008 until June 16, 2008.

Unbeknown to us, Maj. Cockerham and his wife pled guilty on January 31, 2008 but that plea agreement was filed under seal to ensure the Cockerhams' cooperation in the ongoing criminal investigation. At the request of the prosecutors on June 24, 2008 the plea was unsealed for which it wasn't until the Department of Justice issued a press release on that same day that the plea became public.

Now that Maj. Cockerham has pleaded guilty since January of this year, and presumably has cooperated with the attorneys for the DOJ in their investigation since that time, the Government should be in a position to file charges or obtain an indictment against the contractors the Government alleges were involved in Maj. Cockerham's criminal conduct. However, no

[2] Initially, we were inclined to oppose the motion but because we appreciated the need for criminal proceedings to go forward unhampered by related civil litigation, our thought was that it would not be unreasonable to stay this proceeding for the 3 months requested so that the Government could make a complete investigation and decide whether to bring criminal charges against Gulf Group. Indeed, that thinking was based on the fact that Gulf Group wants to cooperate in any investigation and does not want this proceeding to hamper the speedy resolution of that investigation. Proof of that is the fact that of its own initiative Gulf Group offered to meet with the criminal attorneys and investigators of the DOJ so as to facilitate and expedite any such investigation. That meeting took place on January 4, 2008.

information has been filed and no indictment has been obtained against Gulf Group, and no attorney for the DOJ has stated that Gulf Group is the "target" of any such investigation or of a Grand Jury. Mr. Pletcher's statement attached to the Government's Notice of Facts Supporting Continuation of the Stay simply indicates that "the criminal investigation continues as to Gulf Group and a multitude of other subjects" but he does not state that at present Gulf Group is considered a "target" of the investigation, and no "target letter" has been submitted to Gulf Group as it is the policy of the DOJ with respect to "targets" or "subjects" of a grand jury investigation. Therefore, it is unjust to continue to hold this case in abeyance when no information or indictment has yet been filed and there is no present indication that any information or indictment will ever be forthcoming.[3]

In any event, because all that is involved is an alleged criminal investigation on matters that cannot have any relation to the issues in this case,[4] in the discretion of this Honorable Court the stay

---

[3] On January 18, 2008 Mr. Pletcher informed the undersigned counsel in an email that "Neither GG [Gulf Group] nor Mr. Altawash [Gulf Group's representative who met with the criminal prosecutors on January 4] are currently targets of the grand juries investigation. Both, however, are subjects of that investigation, meaning that they may have information pertinent to the ongoing grand jury investigation..." Accordingly, simply because Gulf Group's representatives *may* have information pertinent to the investigation that targets some other party and thus *may* be a witness in that grand jury investigation does not lend any support for continuing the stay in this matter any longer and much less until January 2009. Gulf Group was but an innocent victim of Maj. Cockerham's corruption and, in addition to the damages already caused by the cancellation, the Government continues to unjustly punish Gulf Group by delaying the resolution of this matter under the allegation that it is investigating it.

[4] We say there cannot be any relation precisely because Gulf Group's contracts were cancelled by Maj. Cockerham, so that surely if Gulf Group were bribing Maj. Cockerham he would not be cancelling the very contracts that would serve as his source of bribes. Indeed, the only logical conclusion is that Gulf Group would not pay bribes and so Maj. Cockerham wanted to get rid of Gulf Group to benefit other contractors that did. Also, in Maj. Cockerham's indictment the Government indicates the contracts that were involved in his bribery scheme, but none of those contracts include the one at issue here or any other awarded to Gulf Group. Therefore, it cannot be said that Gulf Group was involved in Maj. Cockerham's scheme of taking bribes.

should be lifted. "[C]ourts generally decline to stay civil proceedings when a related criminal matter is still in the investigatory stage." *E.g., S.E.C. v. Treadway,* 2005 WL 713826, at *3 (S.D.N.Y. March 30, 2005). See also *Sterling Nat. Bank v. A-1 Hotels Intern., Inc.*, 175 F.Supp.2d 573, 576 (S.D.N.Y.,2001) (Stay of civil action while criminal litigation is being conducted is not constitutionally required whenever a litigant finds himself facing the dilemmas inherent in pursuing civil litigation while being the subject of a related criminal investigation).

Mr. Pletcher's statement also adds that if discovery is allowed to go forward in this case "the parties may seek to gain access to documents obtained during the course of the criminal investigation and to depose subjects, targets and/or charged defendants in the criminal investigation, either of whom may reveal the scope of the government's criminal investigation, the identities of targets, subjects or witness of the investigation, the techniques used by federal law enforcement officers to gather information, the identities of those cooperating with the investigation and other information that may jeopardize the government's ultimate ability to investigate or prosecute the matter fully." Mr. Pletcher's fears however are nothing more than pure speculation as he does not know what information we will seek in the course of discovery or whether that information may be connected to the criminal investigation. Until we have submitted discovery requests he cannot say for sure that our discovery will interfere in his investigation or how it will affect it. Therefore, it is premature for him to make such a broad statement. Also, there are measures available to the attorneys of the DOJ handling this matter to protect any discovery conducted in this case and which may potentially intrude in the criminal investigation. Depositions can be taken under seal, discovery requests and responses can be served also under seal or under a protective order or confidentiality

agreement, so as to prevent the information from becoming public until the Government determines it is appropriate to do so, but in the meantime Gulf Group should be allowed to move its case forward. Therefore, it is premature for the Government's attorneys and Mr. Pletcher to assume that conducting discovery in this matter will jeopardize the criminal investigation specially when none of that investigation is targeting Gulf Group. Until the Government is prepared to categorically say that Gulf Group is a target of its investigation or formal charges are filed, we believe it is unfair to continue the stay in this matter. The Government has had enough time during the last year to conclude its investigation and determine whether it will be filing charges against Gulf Group. Initially the hold was Cockerham's trial, but Cockerham pleaded guilty six months ago, so the Government should now be in a position to determine whether it has any valid claims against Gulf Group, and the fact that a year later the Government still does not consider Gulf Group a target of its investigation speaks volumes. Gulf Group cannot be held to wait another year just to find what it already knows --that no charges will ever be filed against it and that the Government has unnecessarily delayed resolution of its case for which an award of interest may not adequately compensate it for the time wasted.

The claim which is the subject of this litigation took place in 2004. Gulf Group presented its claim to the contracting officer in 2005, and since then the Government has done nothing but delay, delay and delay.[5] Three years after the initial administrative claim was presented to the contracting

---

[5] The initial administrative claim was submitted to the then contracting officer Maj. Cockerham who acknowledged receipt of the claim package but never processed it. When Gulf Group's representatives inquired on the status of the claim, the Government asked that another copy be submitted because the initial package was lost. Gulf Group did so but no final decision was ever issued until we filed this Complaint on December 19, 2006. The Government then asked for an extension of the time to file an answer and at the conclusion of that extension threatened to move to dismiss the case because it did not consider that the certified claim that was initially submitted met the requirements of a proper claim. As a result, the parties agreed to seek a stay pursuant to 41

officer, the matter still has not made it pass the filing of the Answer. As previously stated, Gulf Group was willing to work with the Government and has allowed it sufficient time to conduct an investigation that initially was supposed to take only 3 months. However, enough is enough. If the Government is not prepared to file charges against Gulf Group in connection with this matter, then it should let it go and allow us to proceed with the case. Gulf Group was trying to conduct its business and was unaware that there was corruption going on between Government officials and other companies which may have caused its contracts to be cancelled. Then, as Gulf Group tries to get compensation for the wrongs committed against it (contracts that were cancelled for no just reason and business that was taken away), it is unjustly punished by the Government unreasonably delaying resolution of its claim and claiming that Gulf Group is being investigated. Accordingly, the stay should be lifted and the case should be allowed to proceed its normal course to a conclusion.

The Government simply has no sound reason to preclude Gulf Group from obtaining a prompt resolution of its claim. Accordingly, the Government's delaying tactic should be rejected by the Court.

Dated: July 25, 2008

Respectfully submitted,

s / Iliaura Hands

ILIAURA HANDS (LA # 23115)
MILLER & WILLIAMSON LLC
3150 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 525-9800

U.S.C. §605(c)(5) and requested a brief stay of 60 days to allow a different contracting officer, Joe Libbey, to issue a final decision. He did so on May 21, 2007, but because we were not satisfied with the award, we elected to proceed with the case by filing an amended Complaint which the Government has already answered.

Telefax: (504) 525-9820
Email: ili@miller-llc.com
*Attorneys for Plaintiff, Gulf Group General Enterprises Co. W.L.L.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2008, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Iliaura Hands
ILIAURA HANDS