IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF GROUP GENERAL ENTERPRISES CO., W.L.L., | ) | |
| Plaintiff, | ) | No. 06-858C<br>(Chief Judge Damich) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's order dated July 3, 2008, plaintiff, Gulf Group General Co., W.W.L. ("Gulf Group"), and defendant, the United States, respectfully submit the following joint status report.

As directed by the Court, the parties have conferred regarding this case's relatedness to three other cases filed by Gulf Group, cases numbered 06-835, 06-853, and 07-082, now pending before other judges of this Court. The parties have also considered whether this case should be consolidated with these three other cases pursuant to RCFC 40.2. The United States believes that all four cases should be assigned to a single judge. Gulf Group agrees that this case and case number 06-835, pending before Judge Smith, should be considered by one judge. Gulf Group, however, disagrees that the remaining two cases, case number 07-82, pending before Judge Horn, and case number 06-853, pending before Judge Braden, should be consolidated with the others at this time. The parties set forth their respective positions with regard to the consolidation of these cases below.

I. Gulf Group's Position

Case No. 06-853, which is pending before the Honorable Judge Braden, is not currently subject to a stay. The stay in that case was lifted on June 12, 2008, and the parties are to submit a Joint Preliminary Status Report by August 8, 2008, so that it is expected the parties will proceed with discovery in that case faster than in the other cases, and if that case were to be consolidated with the other cases which are subject of the stay the Plaintiff will be substantially prejudiced in its ability to obtain a prompt adjudication of its claim in that case. Gulf Group does not dispute that there is a commonality of parties in all cases, and that the witnesses in three of the cases (this one and that before Judge Smith and Judge Braden) may also be the same, but because of the current status of Judge Braden's case --which is not subject to the stay-- consolidation may not be a practical approach except if Gulf Group is allowed to proceed with discovery in that case while waiting the stay in the other cases to be lifted. Gulf Group's only interest is to obtain an expeditious resolution of its claim. Therefore, Gulf Group objects to consolidating Judge Braden's case to the extent doing so may threaten its ability to move the case forward.

With respect to the matter under docket No. 07-82 pending before the Honorable Judge Marian Blank Horn, it is Gulf Group's position that this case (or any of the two other cases mentioned above) is not related to that case for several reasons: (1) The contracts and services involved in all cases are different;[1] (2) unlike this case and the other two cases referenced above

---

[1] The contract involved in this matter is Contract No. W912D1-04-P-0932, for the supply and service of portable latrines at Camp Arifjan, the contract in the case before Judge Braden is Contract No. W912D1-04-P-0897 for the supply and service of dumpsters at Camp Arifjan, the case before Judge Smith is contract No. W912D1-04-A-0047, for the procurement and supply of general services including tents, portable latrines, lights, water, dumpsters, and electrical generators to Camp Buehring, and the contract involved in the case before Judge Horn is Contract No. W912D1-04-A-0052 for the procurement and supply of CENTCOM approved bottled water to base camps in Iraq.

before Jude Smith and Judge Braden, the claim pending before Judge Horn does not allege the wrongful cancellation of the contract but simply is an attempt to collect for unpaid demurrage charges incurred by Gulf Group in the delivery of bottled water at camps in Iraq and in the return of the trucks to Kuwait, so that the factual and legal allegations in that case are different from the allegations in the three other cases; (3) no witnesses other than perhaps Maj. Cockerham overlap between those other cases and the one before Judge Horn; and (4) discovery in the matter before Judge Horn is expected to be concluded within a short time after the stay is lifted inasmuch as prior to the stay the parties had already conducted the deposition of two witnesses, noticed the deposition of the Government, and served discovery requests on each other which are pending to be answered as soon as the stay is lifted, so that as soon as the stay is lifted in that case it is expected the case will be ready for trial within a short time thereafter, but no discovery has been conducted in any of the other three cases. Accordingly, consolidating Judge Horn's case with this matter or the other two cases will substantially prejudice Gulf Group as the resolution of that case will be unnecessarily delayed to wait for the other cases which have not made it passed the filing of the Answer.

II. The Government's Position

The Government believes that all four cases should be assigned to a single judge because the parties are identical, there likely will be a substantial overlap in the witnesses between these cases and decisions about whether continuation of the stay is appropriate will involve the same factual and legal circumstances in each case. Thus, assignment of these cases to a single judge would promote efficiency in the administration of these cases. These efficiency gains will only increase if the Government files counterclaims in these matters based upon facts discovered as a result of the pending criminal investigation.

Gulf Group contends that the case before Judge Braden, number 06-853, should not be

subject to consolidation because the stay has not been extended in that case. Gulf Group, however, does not suggest that there is any fact relevant to the issue of whether the stay should be continued that distinguishes case number 06-853 from the other cases. Indeed, both parties would benefit from uniformity of decisions on this issue, and any of the other generally applicable issues that may well arise in these cases. The outcome-determined approach suggested by Gulf Group, on the other hand, would result in inefficiency of the administration of these cases to the detriment of both parties and the Court.

With respect to the case number 07-82, pending before Judge Horn, Gulf Group contends the contracts are different, the theory of recovery is different, the witnesses are different and discovery is expected to close sooner in that case. That the contracts and theory of recovery is different are not critical to the consolidation issue. Indeed, none of the cases in which consolidation is being considered involve the same contract, theory of recovery or identical facts and circumstances. The fact remains that the parties are identical, the witnesses substantially overlap and the considerations surrounding continuation of the stay are identical. The Government acknowledges that there will not be a perfect identity of witnesses. However, the main witnesses, Major Cockerham and representatives of the Gulf Group, will be the same. Therefore, the Court should not forego the clear efficiency gains that can be realized based upon the fact that the parties are identical and that decisions about continuation of the stay of these cases will depend upon the same factual and legal issues, merely because the witnesses in each case are not identical.

The Government disagrees with Gulf Group's contention that consolidation would result in "substantial delay" of case number 07-82. Only limited discovery has been conducted in that case. The two key witnesses that remain to be deposed are Major Cockerham and Mr. Saud Altawash, a principal of the Gulf Group. Because Mr. Altawash is in Kuwait and Major Cockerham is in jail,

it would make sense to consolidate the cases before a single judge to coordinate the depositions of these two key witnesses who are not readily accessible. For these reasons, the Government believes that all four cases should be assigned to a single judge.

Respectfully submitted,

s/ Illiaura Hands
ILLIAURA HANDS
Miller & Williamson LLC
3150 Energy Center
1100 Poydras Street
New Orleans, LA 70163

Attorney for Plaintiff

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Robert E. Chandler
ROBERT E. Chandler
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 514-4678
Fax: (202) 307-0972

Attorneys for defendant

July 25, 2008

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July 2008, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler
ROBERT E. CHANDLER