IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GULF GROUP GENERAL ENTERPRISES CO. W.L.L., Plaintiff, | ) |
| v. | ) No. 07-82C (Judge Horn) |
| THE UNITED STATES, Defendant. | ) |

DEFENDANT'S MOTION TO TRANSFER PURSUANT TO RCFC 40.1

Pursuant to RCFC 40.1, defendant, the United States, respectfully requests the Court to transfer this case to Judge Smith to be consolidated with cases numbered 06-835 and 06-858.

As the Court is aware, there are currently four cases involving Gulf Group pending in this Court, cases numbered 06-835 and 06-858 assigned to Judge Smith, case numbered 06-853 assigned to Judge Braden, and this case. Pursuant to RCFC 40.2, the United States believes that all four cases should be assigned to a single judge. By order of Chief Judge Damich in case number 06-858, the parties filed a joint status report on July 25, 2008, addressing the relatedness of the four Gulf Group cases and whether the cases should be consolidated. (A copy of the Joint Status Report dated July 25, 2008 is attached to this report.) As discussed in the attached Joint Status Report, the United States believes that all four cases should be assigned to a single judge. Gulf Group agreed that case number 06-858, pending

before Chief Judge Damich, should be assigned to the same judge as case number case number 06-835, pending before Judge Smith. On July 31, 2008, Chief Judge Damich transferred case number 06-858 to Judge Smith. Judge Damich's order did not address this case, or case number 06-853 pending before Judge Braden.

The Government believes that all four cases should be assigned to a single judge because the parties are identical, there likely will be a substantial overlap in the witnesses between these cases and decisions about whether continuation of the stay is appropriate will involve the same factual and legal circumstances in each case. Thus, assignment of these cases to a single judge would promote efficiency in the administration of these cases. These efficiency gains will only increase if the Government files counterclaims in these matters based upon facts discovered as a result of the pending criminal investigation.

With respect to this case, Gulf Group contends the contracts are different, the theory of recovery is different, the witnesses are different and discovery is expected to close sooner in this case. Status Report, pp. 2-3. That the contracts and theory of recovery is different are not critical to the consolidation issue. Indeed, none of the cases involve the same contract, theory of recovery or identical facts and circumstances. The fact remains

that the parties are identical, the witnesses substantially overlap and the considerations surrounding continuation of the stay are identical. The Government acknowledges that there will not be a perfect identity of witnesses. However, the main witnesses, Major Cockerham and representatives of the Gulf Group, will be the same. Therefore, the Court should not forego the clear efficiency gains that can be realized based upon the fact that the parties are identical and that decisions about continuation of the stay of these cases will depend upon the same factual and legal issues, merely because the witnesses in each case are not identical.

Gulf Group also contends that consolidating this case with the other cases would result in substantial delay; however, we disagree with this contention. Only limited discovery has been conducted in this case. The two key witnesses that remain to be deposed are Major Cockerham and Mr. Saud Altawash, a principal of the Gulf Group. Because Mr. Altawash is in Kuwait and Major Cockerham is in jail, it would make sense to consolidate the cases before a single judge to coordinate the depositions of these two key witnesses who are not readily accessible.

CONCLUSION

For these reasons, the Government believes that all four cases should be assigned to a single judge. Accordingly, the defendant

request that the Court transfer this case to Judge Smith for consolidation with case number 06-835 and 06-858.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0315
Fax: (202) 514-8624

August 8, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2008, a copy of the foregoing “DEFENDANT’S MOTION TO TRANSFER PURSUANT TO RCFC 40.1” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert C. Bigler