IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF GROUP GENERAL ENTERPRISES CO. W.L.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-853C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, ¶4 to the Rules of the United States Court of Federal Claims ("RCFC") plaintiff, Gulf Group General Enterprises Co. W.L.L. ("Gulf Group"), and defendant, the United States, respectfully submit this Joint Preliminary Status Report.

## I. General Inquiries

**(a) Does the court have jurisdiction over the action?**

Yes. Jurisdiction is based upon the Contract Disputes Act of 1978, 41 U.S.C. §601 *et seq.*, and the Tucker Act, 28 U.S.C. §1491, for claims against the United States.

**(b) Should the case be consolidated with any other case and, if so, why?**

The parties disagree as to whether this case should be consolidated with other cases filed by Gulf Group, cases numbered 06-835, 06-858, and 07-082, now pending before other judges of this Court. At the direction of Chief Judge Damich in case number 06-858, the parties recently considered whether this case should be consolidated with these three other cases pursuant to RCFC 40.2. Pursuant to Chief Judge Damich's order in 06-858, the parties filed a joint status report on

July 25, 2008, addressing the relatedness of the four Gulf Group cases and whether the cases should be consolidated. (A copy of the Joint Status Report dated July 25, 2008 is attached to this report.) As discussed in the attached Joint Status Report, the United States believes that all four cases should be assigned to a single judge. Gulf Group agreed that case number 06-858, pending before Chief Judge Damich, should be assigned to the same judge as case number 06-835, pending before Judge Smith. On July 31, 2008, Chief Judge Damich transferred case number 06-858 to Judge Smith. Judge Damich's order did not address this case, or case number 07-82 pending before Judge Horn.

The Government believes that all four cases should be assigned to a single judge because the parties are identical, there likely will be a substantial overlap in the witnesses between these cases and decisions about whether continuation of the stay is appropriate will involve the same factual and legal circumstances in each case. Thus, assignment of these cases to a single judge would promote efficiency in the administration of these cases. These efficiency gains will only increase if the Government files counterclaims in these matters based upon facts discovered as a result of the pending criminal investigation.

While Gulf Group contends that this case should not be subject to consolidation because the stay has not been extended in this case, Gulf Group, however, does not suggest that there is any fact relevant to the issue of whether the stay should be continued that distinguishes this case from the other cases. Indeed, both parties would benefit from uniformity of decisions on this issue, and any of the other generally applicable issues that may well arise in these cases. The outcome-determined approach suggested by Gulf Group, on the other hand, would result in inefficiency of the administration of these cases to the detriment of both parties and the Court. Furthermore, two key witnesses in all of the Gulf Group cases are Major Cockerham and Mr. Saud Altawash, a principal

of Gulf Group. Because Mr. Altawash is in Kuwait and Major Cockerham is in jail, it would be more efficient to consolidate the cases before a single judge to coordinate the depositions of these two key witnesses who are not readily accessible. For these reasons, the Government believes that all four cases should be assigned to a single judge. Accordingly, the Government respectfully requests pursuant to RCFC 40.1(b) that this case be transferred to Judge Smith who is the assigned judge in two of the Gulf Group cases.

In the attached Joint Status Report, Gulf Group contends that this case should not be subject to consolidation because the stay has not been extended in this case, so that consolidating this case with the others that are still stayed will substantially prejudice Gulf Group in its ability to prosecute its claim expeditiously. Gulf Group, however, does not dispute that there is a commonality of parties and some of the witnesses that will be required in this case may overlap with the witnesses in two of the other three cases, those that are now pending before Judge Smith, but the substantial prejudice that could potentially be caused to Gulf Group if this matter were to be consolidated with the others outweighs any other procedural or logistical gain suggested by the Government.

**(c) Should trial of liability and damages be bifurcated and, if so, why?**

No.

**(d) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

<u>Plaintiff's Position:</u>

Plaintiff believes the case should proceed.

<u>Defendant's Position:</u>

Defendant renews its request that the case be stayed pending the outcome of the criminal

investigation regarding contracting illegality at Camp Arifjan, Kuwait for the reasons previously stated in our motion to stay these proceedings. Moreover, two of the three other Gulf Group cases currently pending before other judges in this Court remain stayed because of the pending criminal investigation. Case number 06-858 pending before Judge Smith is stayed until September 4, 2008, at which time the Court has stated that it will lift the stay "unless the Government files a Motion to Continue the Stay stating the particular need as to why the stay shall be continued with supporting direct information." Judge Smith has also ordered that "if the United States files such a Motion, it shall be heard on Thursday, September 4, 2008 at 3:30 p.m. by telephone. Defendant shall have an Assistant U.S. Attorney that is involved and fully knowledgeable about this investigation present."

In case number 07-82, Judge Horn has continued the stay of proceedings until September 12, 2008. Judge Horn has directed the Government to file a status report indicating whether continuing the stay is requested and, if so, requiring a declaration from the principal prosecutor, which if necessary may be filed in camera.

The Government believes that because Gulf Group is subject of the continuing investigation, all cases should be stayed pending the outcome of the investigation. Moreover, it would promote the interests of efficiency and conservation of the Court's and the parties' resources to have the issue of the stay decided by a single judge.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

No.

**(f) Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

No.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

The parties anticipate filing a Rule 56 Motion for Summary Judgment at the close of discovery.

**(h) What are the relevant factual and legal issues?**

Plaintiff submits the following issues are involved:

1. Whether the Government was justified in terminating Gulf Group's contract for convenience.
2. Whether the Government abused its discretion in terminating Gulf Group's contract.
3. Whether the Government acted in bad faith in terminating Gulf Group's contract.
4. Whether the Government was arbitrary in terminating Gulf Group's contract.
5. Whether the Government entered into the contract with Gulf Group with no intention of fulfilling its promises under the contract.
6. Whether the Government diverted business away from Gulf Group by cancelling the contract.
7. Whether Gulf Group incurred damages as a result of the Government's cancellation of the contract.

8. Whether Gulf Group is entitled to recover anticipated lost profits and consequential damages.

9. The amount of damages to which Plaintiff's is entitled.

The Defendant submits the following issues are involved:

1. The amount of damages, if any, that Gulf Group is entitled to where a three-year contract, with performance starting on September 25, 2004, was cancelled for the convenience of the Government on October 22, 2004, after Gulf Group had only performed for approximately one month.

**(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

At this time the likelihood of settlement is unknown. However, the parties have agreed to engage in meaningful settlement discussions in the future.

**(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

If the matter is not disposed of on summary judgment, the parties anticipate proceeding to trial, and there is no need for an expedited trial scheduling.

**(k) Are there special issues regarding electronic case management needs?**

None.

**(*l*) Is there other information of which the court should be aware at this time?**

Plaintiff's Statement

Plaintiff submits that a number of witnesses are located in Kuwait where the contract was executed and where it was to take effect. Therefore, it is anticipated that the parties will require to

travel to Kuwait for depositions there. Also, with respect to the Government's suggestion that Gulf Group's General Manager, Mr. Altawash is somehow required to appear for deposition in Washington, D.C., we have previously indicated to counsel for the Government that to the extent Mr. Altawash's schedule permits him to attend the proceedings in Washington he will do so. The offer to take his deposition was extended once before during one of Mr. Altawash's business trips but the Government declined. However, to the extent Mr. Altawash is unable to travel to the United States at the time the Government requests his deposition, Gulf Group is not required to present him here because the general rule that the plaintiff is required to appear for deposition in the forum of his choice is not applied absolutely and inflexibly to situations such as that present here where Gulf Group had no choice of forum. The case law supports our position. See, Kovalsky v. Avis Rent-A-Car, Inc.,48 F.R.D. 453, 454 ( D.P.R.1969) (Plaintiff, who lived in New Jersey, had no choice of forum in filing suit other than in Puerto Rico, and it was unreasonable to require her to travel there for her deposition.); Abdullah v. Sheridan Square Press, Inc., 154 F.R.D. 591, 593 (S.D.N.Y.1994)(deposition of the Plaintiff ordered to be taken in London when plaintiff had no choice of forum because the defendants were located in the United States); Connell v. City of New York, 230 F.Supp. 2d. 432, 437 (S.D.N.Y. 2002) (plaintiff had no choice but to bring suit in the Southern District of New York as his claims involved the New York City Police Department). See also, 8 Wright & Miller § 2112 at 409 "And if plaintiff had no choice of forum to begin with, there seems very little reason to give weight to his selection of the forum as against facts indicating that another place for taking the deposition would be more just." Gulf Group's choice of forum was Kuwait where it submitted the initial administrative claim--which was ignored by the Government and never resolved, and the only reason we are in this forum is because under the Contract Dispute

Act, 41 U.S.C. 609, Gulf Group's appeal of the denial of its claim was to be filed in this Court. Therefore, Gulf Group had no choice of forum.

Defendant's Position

Defendant maintains that plaintiff and its representatives are required to appear for deposition in the forum in which plaintiff files its complaint. See Slade v. Transatlantic Financing Corp., 21 F.R.D. 146 (S.D.N.Y. 1957) ("The rule is well settled that a non-resident plaintiff who chooses this forum makes himself available to examination here . . ."). Plaintiff chose to enter into a contract with the United States knowing that any disputes that arose must be litigated in the Court of Federal Claims. Moreover, plaintiff's counsel previously stated in a status conference in one of the other Gulf Group cases that Mr. Altawash does travel to the United States and could be deposed here in the United States during one of his scheduled visits. While Gulf Group argues that Mr. Altawash was previously made available for deposition when he was in the United States, that was in case number 07-82, not this case. Furthermore, the Government was not able to depose Mr. Altawash at that time because the Government's counsel was out of town on a pre-scheduled vacation. As stated above, it would be more efficient to assign the case to a single judge to coordinate the depositions of the key witnesses, Mr. Altawash and Major Cockerham, both of whom are not readily accessible.

## II. Proposed Discovery Plan

For the reasons discussed in paragraph (d) above, the United States requests that discovery be stayed pending the outcome of the criminal investigation. However, should the Court deny that request, the parties have agreed upon the following dates and discovery plan:

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures** | 08/22/08 |
| **Disclosure of Experts Report** | 2/02/09 |
| **Discovery** | 2/27/09 |
| **Dispositive Motions** | 4/29/09 |

Respectfully submitted,

**MILLER & WILLIAMSON, LLC**

s/Iliaura Hands
ILIAURA HANDS
3150 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Tel. (504) 525-9800
Fax (504) 525-9820
Ili@miller-llc.com
Attorney for Plaintiff

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0315
Fax: (202) 514-8624
robert.bigler@usdoj.gov

Dated: August 8, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August, 2008, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert C. Bigler

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF GROUP GENERAL ENTERPRISES CO., W.L.L., | ) | |
| Plaintiff, | ) | No. 06-858C<br>(Chief Judge Damich) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's order dated July 3, 2008, plaintiff, Gulf Group General Co., W.W.L. ("Gulf Group"), and defendant, the United States, respectfully submit the following joint status report.

As directed by the Court, the parties have conferred regarding this case's relatedness to three other cases filed by Gulf Group, cases numbered 06-835, 06-853, and 07-082, now pending before other judges of this Court. The parties have also considered whether this case should be consolidated with these three other cases pursuant to RCFC 40.2. The United States believes that all four cases should be assigned to a single judge. Gulf Group agrees that this case and case number 06-835, pending before Judge Smith, should be considered by one judge. Gulf Group, however, disagrees that the remaining two cases, case number 07-82, pending before Judge Horn, and case number 06-853, pending before Judge Braden, should be consolidated with the others at this time. The parties set forth their respective positions with regard to the consolidation of these cases below.

I. Gulf Group's Position

Case No. 06-853, which is pending before the Honorable Judge Braden, is not currently subject to a stay. The stay in that case was lifted on June 12, 2008, and the parties are to submit a Joint Preliminary Status Report by August 8, 2008, so that it is expected the parties will proceed with discovery in that case faster than in the other cases, and if that case were to be consolidated with the other cases which are subject of the stay the Plaintiff will be substantially prejudiced in its ability to obtain a prompt adjudication of its claim in that case. Gulf Group does not dispute that there is a commonality of parties in all cases, and that the witnesses in three of the cases (this one and that before Judge Smith and Judge Braden) may also be the same, but because of the current status of Judge Braden's case --which is not subject to the stay-- consolidation may not be a practical approach except if Gulf Group is allowed to proceed with discovery in that case while waiting the stay in the other cases to be lifted. Gulf Group's only interest is to obtain an expeditious resolution of its claim. Therefore, Gulf Group objects to consolidating Judge Braden's case to the extent doing so may threaten its ability to move the case forward.

With respect to the matter under docket No. 07-82 pending before the Honorable Judge Marian Blank Horn, it is Gulf Group's position that this case (or any of the two other cases mentioned above) is not related to that case for several reasons: (1) The contracts and services involved in all cases are different;[1] (2) unlike this case and the other two cases referenced above

---

[1] The contract involved in this matter is Contract No. W912D1-04-P-0932, for the supply and service of portable latrines at Camp Arifjan, the contract in the case before Judge Braden is Contract No. W912D1-04-P-0897 for the supply and service of dumpsters at Camp Arifjan, the case before Judge Smith is contract No. W912D1-04-A-0047, for the procurement and supply of general services including tents, portable latrines, lights, water, dumpsters, and electrical generators to Camp Buehring, and the contract involved in the case before Judge Horn is Contract No. W912D1-04-A-0052 for the procurement and supply of CENTCOM approved bottled water to base camps in Iraq.

before Jude Smith and Judge Braden, the claim pending before Judge Horn does not allege the wrongful cancellation of the contract but simply is an attempt to collect for unpaid demurrage charges incurred by Gulf Group in the delivery of bottled water at camps in Iraq and in the return of the trucks to Kuwait, so that the factual and legal allegations in that case are different from the allegations in the three other cases; (3) no witnesses other than perhaps Maj. Cockerham overlap between those other cases and the one before Judge Horn; and (4) discovery in the matter before Judge Horn is expected to be concluded within a short time after the stay is lifted inasmuch as prior to the stay the parties had already conducted the deposition of two witnesses, noticed the deposition of the Government, and served discovery requests on each other which are pending to be answered as soon as the stay is lifted, so that as soon as the stay is lifted in that case it is expected the case will be ready for trial within a short time thereafter, but no discovery has been conducted in any of the other three cases. Accordingly, consolidating Judge Horn's case with this matter or the other two cases will substantially prejudice Gulf Group as the resolution of that case will be unnecessarily delayed to wait for the other cases which have not made it passed the filing of the Answer.

II. <u>The Government's Position</u>

The Government believes that all four cases should be assigned to a single judge because the parties are identical, there likely will be a substantial overlap in the witnesses between these cases and decisions about whether continuation of the stay is appropriate will involve the same factual and legal circumstances in each case. Thus, assignment of these cases to a single judge would promote efficiency in the administration of these cases. These efficiency gains will only increase if the Government files counterclaims in these matters based upon facts discovered as a result of the pending criminal investigation.

Gulf Group contends that the case before Judge Braden, number 06-853, should not be

subject to consolidation because the stay has not been extended in that case. Gulf Group, however, does not suggest that there is any fact relevant to the issue of whether the stay should be continued that distinguishes case number 06-853 from the other cases. Indeed, both parties would benefit from uniformity of decisions on this issue, and any of the other generally applicable issues that may well arise in these cases. The outcome-determined approach suggested by Gulf Group, on the other hand, would result in inefficiency of the administration of these cases to the detriment of both parties and the Court.

With respect to the case number 07-82, pending before Judge Horn, Gulf Group contends the contracts are different, the theory of recovery is different, the witnesses are different and discovery is expected to close sooner in that case. That the contracts and theory of recovery is different are not critical to the consolidation issue. Indeed, none of the cases in which consolidation is being considered involve the same contract, theory of recovery or identical facts and circumstances. The fact remains that the parties are identical, the witnesses substantially overlap and the considerations surrounding continuation of the stay are identical. The Government acknowledges that there will not be a perfect identity of witnesses. However, the main witnesses, Major Cockerham and representatives of the Gulf Group, will be the same. Therefore, the Court should not forego the clear efficiency gains that can be realized based upon the fact that the parties are identical and that decisions about continuation of the stay of these cases will depend upon the same factual and legal issues, merely because the witnesses in each case are not identical.

The Government disagrees with Gulf Group's contention that consolidation would result in "substantial delay" of case number 07-82. Only limited discovery has been conducted in that case. The two key witnesses that remain to be deposed are Major Cockerham and Mr. Saud Altawash, a principal of the Gulf Group. Because Mr. Altawash is in Kuwait and Major Cockerham is in jail,

it would make sense to consolidate the cases before a single judge to coordinate the depositions of these two key witnesses who are not readily accessible. For these reasons, the Government believes that all four cases should be assigned to a single judge.

Respectfully submitted,

s/ Illiaura Hands
ILLIAURA HANDS
Miller & Williamson LLC
3150 Energy Center
1100 Poydras Street
New Orleans, LA 70163

Attorney for Plaintiff

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Robert E. Chandler
ROBERT E. Chandler
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 514-4678
Fax: (202) 307-0972

July 25, 2008

Attorneys for defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July 2008, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler
ROBERT E. CHANDLER